CASE 25—SPECIAL JUDGE—MAY 31, 1884.

# Kentucky Central R. R. Co. v. Kenney.

APPEAL FROM BOURBON CIRCUIT COURT.

1. In the absence of the circuit judge an attorney of the Bourbon bar was elected to hold the October term of that court. Both parties, by their counsel, agreed that he should try the case, and a jury was waived. *Held:* It was too late after he had heard and decided the case. for appellant to object to him as judge.

2. A written agreement showing an intention to change the land, and which in its nature inheres on the land, and contains mutual promises connected with the grant as a part of it, runs with the land, and is, enforceable by and against subsequent grantees.

O'HARA & BRYAN FOR APPELLANT.

1. The objection to the special judge did not come too late.

2. The statute does not authorize the election of a special judge for the term.

3. Appellee, as the successor of Harp, can not maintain this action upon the deed or covenant relied upon. It does not run with the land. Const. Ky., sec. 28, art. 4, Gen. Stats.; art 7, ch. 28; Rudd v. Woolfolk, 4 Bush, 557; Vandiver v. Vandiver, 3 Met., 138; 2 *Ib.*, 340.

BRENT & McMILLAN FOR APPELLEE.

No brief on the record

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The Hon. W. A. Cunningham, in the absence of the circuit judge, was elected to hold the October term of the Bourbon circuit court. During the term this case was called, a jury waived, and although he said he would prefer not to try the case and asked to be excused from acting, counsel for both plaintiff and defendant insisted that he should do so, which he did. After he had decided the case, the appellant, for the first time, objected to him as a judge, on the ground that there was no law authorizing an election of a special.

judge for the term, and as he had not been elected to try this case, and to act for that occasion, the trial was illegal.

Section 1, article 7, chapter 28, General Statutes, provides among other things, that "the parties by agreement may select one of the attorneys of the court to preside on the trial and hold the court for the occasion."

This the parties in the present case did, and the fact that the same attorney was acting as judge for the term whether authorized by the letter of that section or not, makes no difference, for it did not affect or alter the right of the parties to select him by agreement to try the case. The question whether he was legally acting for the term is not necessarily before us. The deed for the right of way from appellees' vendor, to the predecessor of the appellant, stipulated that "said railroad company do make and keep in perpetuity, good fences on each side of the road so far as the same run through and over my land." The evidence shows that the appellant owns the same road, rights, and privileges as its predecessor, including the right of way conditionally granted by the deed, and that it has failed to make or keep in perpetuity good fences on each side of the right of way, and because it was not fenced, the cow, the value of which was sued for in this action, strayed on the track and was struck and killed by the train.

The introduction of the deed as evidence was objected to, and the questions thus raised are whether the deed contains a covenant running with the land, and did the failure to make or keep the fences contribute in a proximate degree to the negligent destruction.

·of the cow. It is very clear that a parol agreement to maintain fences does not run with the land, but affects ·only the parties to the agreement.

It is equally certain, however, that a written agreement, such as this deed embraces, showing an intention to charge the land by the covenant, which in its very nature inheres in the land (and contains mutual promises) connected with the grant as a part of it, runs with the land, and is enforceable by and against subsequent grantees. Gill v. Atlantic and G. W. R. R. Co., 27 ·Ohio St., 240 ; Cook v. Mil. & St. P. R. R. Co., 36 Wis., 45 ; Bronson v. Coffin, 108 Mass., 175 ; Pierce on Railroads, pages 424, 135.

On the latter point, Pierce on Railroads, says : " If the company is in default in the performance of a legal ·obligation, as by neglect to maintain the fence, at the place where the cattle came on the track, proof of such ·default and of the cattle coming upon the track, at such ·a place will maintain the action, but such proof is ·essential," page 428. Numerous cases cited in note 2 ·to this extract fully and unequivocally sustain the prin-·ciple it announces.

Wherefore the judgment is affirmed.