CASE 39.—ACTION BY GEORGE H. FLEGE AGAINST THE
        COVINGTON & CINCINNATI ELEVATED RY. AND
        TRANSFER & BRIDGE CO. TO ENFORCE A COVE-
        NANT TO BUILD AND KEEP IN REPAIR A STONE
        RETAINING WALL.—March 15.

# Flege v. Covington & Cin. Elevated Ry. & Transfer & Bridge Co.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

From a judgment sustaining a demurrer to plain-
tiff's petition he appeals.    Reversed.

1. Covenants—Running with Land—The covenant in the deed of
     a right of way that as part consideration of the conveyance
     the grantee is to erect a retaining wall between the·grantor's
     lot and the right of way, and at all times keep it in repair,
     and renew it when necessary, is a covenant running with the
     land, binding on subsequent vendees of the grantee.
2. Limitation of Actions—Continuing Contract—The covenant to
     repair and renew when necessary, contained in the covenant
     in a deed of a right of way, that in part consideration of the
     conveyance the grantee is to erect a retaining wall between
     the grantor's lot and the right of way, and at all times keep
     it in repair and renew it when necessary, is a continuing
     contract, unaffected by the statute of limitations, till the
     covenantor refuses to repair or renew.
3. Estoppel—A covenant in a deed of a right of way provided that
     as part consideration of the conveyance the grantee should
     erect a stone retaining wall between the grantor's lot and
     the right of way, and at all times keep it in repair and renew
     it when necessary.  Held, That the grantor, by acquiescing
     in the putting in of a wooden wall by the grantee in the first
     instance, was not estopped to require a stone wall, when a
     new wall was necessary by reason of the grantee removing
     the first wall.
4. Specific Performance—Covenant—The agreement to repair and
     renew in a covenant in a deed of a right of way, providing

Flege v. Covington & Cin. Elevated Ry. & Transfer & Bridge Co.

that as part consideration of the conveyance the grantee should erect a stone retaining wall along the line of the grantor's lot, from the level thereof down to the grade of the road, and keep it in repair and renew it when necessary, is such a contract as will be specifically enforced.

JOHN WM. HENVER, attorney for appellant.

## POINTS AND AUTHORITIES CITED.

1. Estoppel. (Western Bank v. Coldway, 22 Ky. Law Rep., 1250.) Definition of:

(a) As applied to the statute of limitations.    (Am. and Eng. Ency. of Law, 2d ed. Vol. 18, p. 288; Newton v. Carson, 22 Ky. Law Rep., 1250; Hamilton's Exor. v. Wright, Admr., 27 Ky. Law Rep., 1145; Derrick v. Lamar Ins. Co., 74 Ill., 404; Holloway v. Appleget, 55 N. J. E., 583; Swofford Bros. Dry Goods Co. v. R. C. Goss, 65 Mo., app., 55; Renackowsky v. Board of Commissioners, 122 Mich., 614; Armstrong v. Levan, 109 Pa. St., 177; Home Life Ins. Co. of Texas v. Meyers, 93 Ills., 271.)

2. That the statute of limitations does not apply to continuing covenants.

(a) Doctrine stated. (Am. & Eng. Ency. of Law, 2d ed., Vol. 19, p. 201.)

(b) Cases illustrating same. (Coleman v. Whiting, 62 Vt., 123; S. C., 9 L. R. A., 517; Riddle v. Beattie, 77 Iowa, 168; Schoonover v. Vachon, 121 Ind., 3; McCoy v. McDowell, 80 Iowa, 146; Carter v. Carter, 28 Ill. app., 340; Schell v. Plume, 55 N. Y., 592; Stringer v. Stringer, 93 Ga., 320; Beach v. Crane, 4 Am. Dec., 349; 2 N. Y., 86.)

3. That "Specific Performance" should be granted.

(a) Doctrine stated. (Story on Equity Jurisprudence, Vol. 2, section 728.)

(b) Cases illustrating same. (Story v. Gr. West. Ry. Co., 2 Y. & Coll., New R., 48; L. & N. R. R. Co. v. Zaring, 9 Ky. Law Rep., 107; Lou. Sou. R. R. Co. v. Ragland, 15 Ky. Law Rep., 814; Schmidt v. L. & N. R. R. Co., 19 Ky. Law Rep., 666.)

4. As to the location of the wall and fence.

(a) Definition of the word "along." Century Dictionary; Funk & Wagnall's "Standard Dictionary," 20th Century Edition; Encyclopedia of Law and Proceedure, Vol. 3, p. 135.

(b) As to its use. (Church v. Meeker, 34 Conn., 425.)

(c) Definition of the term "adjoining."    (Am. & Eng. Ency. of Law, Vol. 1, 2d ed., p. 635.)

(d) Construction of the word "along." (Commonwealth v. B. H. Franklin, 133 Mass., 569; Benton v. Horsely, 71 Ga., 619; Cornes v. Minot, 42 Barb. (N. Y.), 60.)

(e) Duty to shore up the property of another. (Washburn on Real Property, Vol. 2, pp., 359, 361, 362, 4th 6d.)

GALVIN & GALVIN, attorneys for appellee.

### POINTS AND AUTHORITIES.

1. Covenant in deed barred by the statute of limitations. (Section 2514, Ky. Stats.)

2. Verbal agreement barred by 5 years statute. (Section 2515, Ky. Stats.)

3. Action must be on original promise, but if new promise was made before running of statute. (Gilmore v. Green, 14 Bush., p. 772.)

4. No estoppel to plead statute of limitations. (11 Am. & Eng. Ency. of Law, 2d ed., p. 434.)

5. Verbal agreement not good unless it is to be performed within one year. (Section 470, Ky. Stats.)

6. Statute of limitations may be raised by demurrer. (Stillwell v. Levy, 84 Ky. Reports, p. 384.)

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

In 1888, the appellant, George Henry Flege, by deed conveyed to the Contracting & Building Company, the subsequent vendor of appellee, its successors and assigns, a part of a lot of ground belonging to him, situated in Covington, Kentucky, for the purpose of building and maintaining thereon a line of railway. In addition to the money consideration provided for in the deed, that instrument contains the following covenant: "It being, however, understood and agreed, and said agreement being in part the consideration of this conveyance, that the said Contracting & Building Company is to at once erect a stone wall along the line of said Flege's lot, adjoining

the portion hereby conveyed from the level of said
Flege's lot down as far as the said company may
grade or dig, and to erect at once along said line upon
said stone wall a modern fence of ordinary height
and to at all times keep said wall and fence in good
and sufficient repair and to renew the same when
necessary." This covenant runs with the land, and
the subsequent vendees of the Contracting & Building
Company are liable to Flege in the same manner and
to the same extent as their vendor. After the deed
was executed and delivered, the original vendee took
possession, and either itself or its successor, the
appellee, graded it off and constructed thereon a line
of railway which the appellee now owns, operates and
controls. After the land conveyed by Flege was
graded, a stone wall was not erected along the line
of this lot, for the purpose of shoreing it up, as was
covenanted to be done, but instead, there was erected
a wooden wall, or fence for that purpose, which he
seems to have either accepted or submitted to as a
sufficient compliance with the covenant for a retaining
wall. And thus matters stood from 1888 until 1903,
when appellee removed the wooden fence from along
the line of appellant's lot, over his protest and
objection; whereupon he then demanded that it should
erect a stone wall, in lieu of the wooden one originally
built, and wrongfully, as it is alleged, removed. With
this demand the appellee refused to comply; where-
upon appellant instituted this action, setting out the
foregoing facts, and praying for a judgment requiring
the appellee to specifically perform its covenant of
renewing and maintaining the retaining wall along
the line of his property. Appellant afterwards filed
two amendments to his original petition, which, from

the view we take of his rights under the covenant in
the deed, add little or nothing, to the original petition.
A general demurrer was sustained to the petition as
amended, and, appellant declining to plead further,
his petition was dismissed, of which he is now com-
plaining.

It is said that the learned trial judge was of opinion
that plaintiff's cause of action was barred by the
statute of limitation, as shown on the face of the
petition, and for this reason the demurrer was sus-
tained and the petition dismissed. However this may
be, appellee contends on this appeal that, when the
retaining wall was originally built of wood, instead
of stone, as covenanted for, this was a breach of the
covenant for which the appellant was bound to
institute an action to recover all the damages that
could accrue to him under the contract, and that in
default of such action, the statute of limitations
commenced at once to run, and he was barred of all
right to maintain any action on the covenant after
the expiration of 15 years. It seems to us this view
of the matter can not be maintained. The covenant
to keep in repair and renew when necessary is a
continuing contract, not affected by the statute of
limitations until after the covenantor refuses to
repair or renew, as the case may be. Appellant had
a right to submit to the substitution of a wooden
wall for the stone; and while the former was, perhaps,
neither as ornamental or durable as the latter, still, it
served the purpose of retaining his lot in place, and
prevented it from caving in and falling down. This
acquiescence was much to the advantage of appellee
it being enabled by this indulgent complaisance to
escape the larger outlay involved in the building of

a stone wall by building one of wood; and having thus by acquiescence, if not permission, been allowed to substitute a wooden retaining wall, it was under the continuing duty of keeping it in repair and renewing it when necesary.

Nor does it follow, because, originally, appellee was permitted to erect a wooden retaining wall, that, when the necessity should arise to renew it under the covenant, it could do so by rebuilding a wooden wall. If it had originally built a stone wall of such quality as would need renewal now, certainly it would be required, under the covenant, to build a new stone wall, and we are able to perceive no reason, either in law or logic, whereby it can escape the obligation of its covenant to renew now with a stone wall. It received the benefit of being allowed to build the original retaining wall of wood. By this it saved money. Because appellant was indulgent to it then, does not deprive him of the benefit of his covenant now. He is entitled to all of the covenant except that which he has waived, to wit, the substitution of a wooden fence for the original stone wall. Undoubtedly, during the existence of the original wooden wall, appellant having permitted it to be built, could not arbitrarily require the corporation to pull it down and erect a new stone wall, because this would be allowing him to mislead it to its hurt; but if, by its own wrongful act, it has pulled down and removed the wooden wall, or this has from old age become decayed and useless, so as make a new wall necessary in order to comply with the original covenant, then appellant is entitled to that which is "nominated in the bond."

Appellant had a right to accept the wooden wall as

a sufficient compliance with the original covenant, and, having done so, no cause of action accrued to him until there was a breach of the covenant, either to maintain or renew. The covenant to renew was not broken, so far as this record shows, until the appellee removed the wooden wall and refused to rebuild. The cause of action being on the covenant to renew, which only arose in 1903, it follows that the trial court erred in sustaining a demurrer to the petition on the ground that the cause of action was barred on the face of the pleadings. In the Am. & Eng. Encyc. of Law (volume 19, page 201), under title "Limitations of Actions," it is said: "If the contract, for a breach of which the action is brought, is from its nature a continuing one—e. g., a contract to furnish support for the life of the plaintiff—a new cause of action arises with each failure of the defendant, and the plaintiff's right to enforce the contract is never barred." See, also, Coleman v. Whitney (Vt.) 20 Atl. 322, 9 L. R. A. 517, and Beach v. Crain (N. Y.) 49 Am. Dec. 349

We think there is no doubt of appellant's right to have his contract specifically enforced. In Pomeroy's Equity Jurisprudence, section 1404, the rule is thus stated: "Where, however, the contract is in writing, is certain in its terms, is for a valuable consideration, is fair and just in all its provisions, and is capable of being enforced without hardship to either party, it is as much a matter of course for a court of equity to decree its specific performance, as for a court of law to award a judgment of damages for its breach. This is the ordinary language of judges and text-writers." See, also, L. & N. R. R. Co. v. Zaring, 9 Ky. Law Rep., 107; Schmidt v. L. & N. R. R. Co., 41

S. W. 1015, 19 Ky. Law Rep. 666, 38 L. R. A. 809; Story's Equity Jurisprudence, section 728. The appellant's contract is in writing. It is certain in its terms, and upon sufficient consideration. There is no difficulty or hardship in complying with it, as is shown by the fact that it was complied with for more than 15 years. It would be impossible, we think, to estimate in money the damages for nonperformance, and therefore the covenant to renew and repair comes up to the full measure of those contracts for personal service which the chancellor will specifically enforce.

For these reasons the judgment is reversed, for proceedings consistent herewith.