## S. C. MULDROW v. STATE.

No. A-79.   Opinion Filed November 23, 1910.

1.   INFORMATION—Verification—Waiver of Defects.  An informa-tion verified only on information and belief should be set aside on a timely motion for that purpose; but if no such motion be filed, the defect is waived.

2.   SAME—Cure of Defects—Reverification.  Where an information is filed verified only on information and belief, but before the defendant pleads thereto is reverified in positive terms, the defect is cured.

3.   JURY—Number Concurring—County Court.  Under sec. 19, art. 2 of the Constitution, six men constitute a jury in the county court, and five of the six concurring may render a verdict.

(Syllabus by the Court.)

*Appeal from Coal County Court; R. H. Wells, Judge.*

S. C. Muldrow was convicted of the offense of pointing a gun at another, and he appeals.   Affirmed.

*W. L. Richards* and *J. G. Ralls,* for plaintiff in error.

*Charles West,* Attorney General, and *Smith C. Matson,* Assist-ant Attorney General, for the State.

RICHARDSON, JUDGE.   Plaintiff in error's first contention is that the information on which he was tried was not properly or sufficiently verified.   The original verification of the information was as follows:

"State of Oklahoma, Coal County, ss.

"Personally appeared before me, R. H. Wells, County Judge for Coal County, State of Oklahoma, J. R. Woods, of lawful age, who, being duly sworn, upon his oath deposeth and says, that he is County Attorney of said County, that he has read the forego-

ing information and knows the contents thereof and from his best information and belief the facts and allegations therein contained are true.

"Subscribed and sworn to before me this the 1st day of October, A. D. 1908. R. H. WELLS,

"County Judge of Coal County, Oklahoma."

This verification purports to have been made only on information and belief; and for that reason, if properly challenged and standing alone, would have been insufficient. Whether the county attorney's failure to subscribe his name to the verification would alone render it defective, or whether the county judge's certificate that the county attorney appeared before him and made oath to the facts therein stated is sufficient, it is not necessary to decide; for this verification does not stand alone. Before the defendant entered his plea J. R. Holland, the prosecuting witness, verified the information in positive terms; and this cured any defect in the matter of the verification. Also this court has held in the case entitled *In re Talley, infra,* decided at this term, that the total lack of a verification is not a jurisdictional defect, and that it is waived by pleading to the information without filing a motion to quash or set it aside based on that specific ground. The record before us shows the filing of no such motion, and the matter cannot be raised by a motion in arrest of judgment.

The only other question raised is that the verdict was void because it was not concurred in unanimously, but was signed by only five jurors. Section 19, art. 2 of the Constitution expressly provides that six men shall constitute a jury in the county court, and that in civil cases and in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict. A valid verdict in a misdemeanor case tried in the county court may, therefore, be rendered by five of the six jurors constituting the jury.

Finding no error, the judgment of the county court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.