## *Ex parte* JAMES M. ELGAN.

No. A-1642.  Opinion Filed September 14, 1912.

(126 Pac. 584.)

JUDGES—Special Judges—Jurisdiction—Waiver of Objections.  Where a special judge is elected or agreed upon to sit in a particular case, which is not finally determined at the term at which he is elected or agreed upon, and he presides at a subsequent term or terms, at which his authority is recognized by the parties, they thereby waive any objection that he was not re-elected or re-agreed upon at such subsequent term or terms.

(Syllabus by the Court.)

Petition of James M. Elgan for a writ of *habeas corpus.* Writ denied.

*William Edens,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  This is an application for writ of *habeas corpus* by petitioner, James M. Elgan, for discharge from imprisonment by R. W. Dick, warden of the state penitentiary at McAlester.  The petitioner alleges that his restraint is illegal, because he is confined by a commitment from the district court of Texas county, pursuant to a judgment of conviction for a felony, rendered in said court by one W. C. Crow,, sitting as special judge; that the Honorable R. H. Loofbourrow, regular district judge, was disqualified to sit in this case, because he was prosecuting attorney in the case prior to his election as judge; and that at the March, 1908, term of said district court the county attorney and the defendant, through his attorneys, Wiley & Whittaker, agreed that the Honorable W. C. Crow should preside as special judge in this case.  It is further alleged that said case was continued from the March, 1908, to the September, 1908, term of said district court, and that the said W. C. Crow continued at said term to sit as special judge in the case, and without further agreement, election, etc., tried the case and rendered judgment therein; that the trial before the Honorable

W. C. Crow as special judge at the September, 1908, term of said court was without authority of law and void, and that therefore petitioner is entitled to be discharged. In support of his application, petitioner presents a transcript of the record in the case in which the judgment was entered, and asks this court to review it to determine the merits of his application.

The record discloses that at the September, 1908, term of the district court of Texas county, on the 14th day of said month, the case was called, with Hon. W. C. Crow, special judge, presiding, and that the cause was set for trial by agreement of counsel on the 17th day of said month. The record nowhere discloses any objection to special Judge Crow presiding at the trial, and does not indicate whether he was selected anew at the September term or not. There is nothing in the record which even indicates that the authority or regularity of the acts of the special judge was ever questioned until now. The transcript before us simply says: "Hon. W. C. Crow, who is duly and regularly sworn to act as special judge in said cause, presiding." The trial proceeded for several days, judgment having been rendered against the petitioner on the 30th day of September, 1908. Counsel for petitioner urge that the court was without jurisdiction in this case and without authority to pronounce the judgment, and rely on *Dodd et al. v. State,* 5 Okla. Cr. 513, 115 Pac. 632.

As said by Furman, P. J., in *Ellington v. State,* 7 Okla. Cr. 252, 123 Pac. 186:

"The record does not bring this case within the rule announced in the case of *Dodd v. State,* 5 Okla. Cr. 513, 115 Pac. 632. In that case the defendant challenged the right of the special judge to preside when the order was made changing the venue of the case from Beaver county to Texas county, and there was nothing in the record which could be construed as an agreement on the part of the defendant that said special judge should preside or make any order in the case after the expiration of the term at which he was agreed upon. In the case at bar, the record shows that the special judge presided at this trial, not only without objection on the part of the appellant, but with his knowledge and consent, because it affirmatively appears in the record that both the defendant and his attorneys were in·

court, and without protest or objection announced ready for trial before said special judge. This could not be construed other than an agreement upon the part of appellant that said special judge should preside at the trial. In the Dodd case every question was contested, objections were made, and proper exceptions were reserved during every stage of the trial. In the case at bar the appellant, with full knowledge of the facts in the case, not only announced ready for trial, but did not attempt to raise the question now presented until the case reached this court. The Constitution and statutes do not prescribe any method by which an agreement for a special judge shall be made. The record conclusively shows that by his conduct appellant did agree that Hon. C. H. Elting should act as special judge in the trial of his case. This court has repeatedly held that there are certain jurisdictional matters that may be and are waived by the defendant failing to object at the proper time. See *Muldrow v. State,* 4 Okla. Cr. 325, 111 Pac. 656; *In re Talley,* 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805. It is too late to attempt to raise this question on appeal, when no objection or exception was taken to the special judge's jurisdiction at the first opportunity. The record in this case discloses that the special judge took the proper oath of office long prior to the trial, and that thereafter no objection whatever was made to his jurisdiction. In *Schlungger v. State,* 113 Ind. 295, 15 N. E. 269, the Supreme Court of Indiana, speaking on the question of waiver of authority said, 'Where the record does not disclose any want of authority on the part of the trial judge *pro tempore,* who assumes to act under color of authority and a party goes to trial before him without objection, he cannot, after conviction, question such authority.' See, also; *Kentucky Cent. R. Co. v. Kenney,* 82 Ky. 154. In *Davis v. Bingham* (Tex.) 46 S. W. 840, it was held that 'a party who tries a case before a judge without objection is estopped to assert that he was not agreed on by the parties for the trial.' See, also, *State v. Sachs,* 3 Wash. 691, 29 Pac. 446; *Mattingly v. Paul,* 88 Ind. 95; *State v. Murdock,* 86 Ind. 124. In *Small v. Reeves* (Ky.) 37 S. W. 682, it was held: 'Where a special judge is elected to sit in a particular cause, which is not finally determined at the term at which he is elected, and he presides at subsequent terms, at which his authority is recognized by the parties, they thereby waive any objection that he was not re-elected at the subsequent term or terms.' "

Instead of coming within the rule in the Dodd case, *supra,* the case at bar comes clearly within the rule in *Ellington v. State,*

*supra,* and under the doctrine of the latter case the petitioner is not entitled to the relief prayed for herein.

The writ is denied.