## Chicago, Memphis & Gulf Railroad Company v. Dodds & Johnson.

(Decided January 11, 1916.)

### Appeal from Fulton Circuit Court.

1. Covenants—Covenants Running With the Land.—Where a grantor conveyed a right-of-way to a railroad company in part consideration of its agreements to build and maintain fences and cut and maintain ditches, these stipulations in the deed were covenants running with the land and suit might be brought to recover damages for a breach of them by the grantor or his vendee.
2. Covenants—Covenants Running With the Land—Remedies for Breach of.—Where a grantee in a deed obligated itself to erect fences and construct ditches, the grantor had the election of three remedies for a breach of the conditions in the contract; he could bring an action for specific performance, or to recover damages for injury to the land, or an action for injury to the crops growing on the land.
3. Covenants—Covenants Running With the Land—Remedies.—If the grantor bring a suit to recover damages for injury to his crops, his recovery should be limited to the damages sustained by the particular crops, and like suits to recover like recurring damages may be brought until the conditions in the contract are performed. But if the grantor bring suit to recover damages for injury to his land, he can only have one action, and in this action he is entitled to recover the reasonable cost for building and maintaining the structure which the grantee agreed to build and maintatin, and such other damages as he has sustained up to the time of the trial. If suit for specific performance is brought, the court

should require the grantee to perform the contract or give adequate damages as an alternative.

4. Parties—Plaintiffs in Suit to Recover Damages for Injury to Crops Jointly Owned.—All parties having an interest in the crops, such as partners or landlord and tenant, should join in one suit to recover damages for an injury to the crops sustained by a breach of contract on the part of a third person.

5. Parties—Plaintiffs in Suit to Recover Damages for Injury to Crops Jointly Owned.—If the defendant, in a suit by part of joint owners of crops to recover damages for injury to the crops growing out of a breach of the contract, elects to let part of the joint owners sue, he cannot thereafter object to suit by the others; but if he makes an effort to bring all the joint owners in, and some fail to assert their right, those staying out lose the right to recover in separate suits.

6. Damages—Injury to Crops Growing out of Breach of Contract—Measure of Recovery.—Where crops are injured by the failure of the person sued to maintain ditches, the complaining party is entitled to recover the difference between the market value of the crops grown on the land and the market value of the crop that could have been grown except for the failure to maintain the ditches. And if the injury to the crops is caused by the failure to maintain the fences, the measure of damages is such a sum as will fairly compensate the complaining party for the injury sustained.

C. V. FLETCHER, BLEWETT LEE, ROBBINS & ROBBINS, TRABUE, DOOLAN & COX and B. T. DAVIS for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1910 S. L. Dodds conveyed to the appellant railroad company a right-of-way through his land. It was stipulated in the deed that the railroad company, as a part of the consideration, agreed to fence the right-of-way with "a good wire fence that will at all times turn all kinds of stock, such as hogs, cattle, horses, etc., and not using any barbed wire on top of said fence, and maintain same;" and also stipulated that the company should "cut and maintain a consecutive open ditch along each side of the railroad track so as to drain off what water that may be embanked along said right-of-way."

In 1913, Dodds, who was the owner of a large body of land, through which the railroad was constructed on the right-of-way obtained by this deed, entered into a partnership with the appellee, Johnson, for the cultivation of the land. In 1914 Dodds and Johnson brought suit against the railroad company to recover damages

for a breach of the stipulations in the contract above set out. On a trial of the case there was a judgment against the railroad company for $750.00, and it appeals.

It may be said at this point that counsel for appellant do not claim that the assessment of damages was excessive or that there was not sufficient evidence to warrant the finding of the jury, but they ask a reversal for errors of law committed by the trial court.

The action was in contract and not tort. The suit was not brought to enforce the specific performance of the stipulations of the contract or to recover damages for an injury to the land on account of the failure of the railroad company to perform the conditions voluntarily assumed by it in entering into the contract. It was averred in the petition, and the evidence showed that the crops of cotton and alfalfa cultivated on the land adjacent to this railroad in the year 1913 by Dodds & Johnson as partners in the business of operating the farm, were injured by stock trespassing on the premises through the insufficient fencing erected by the railroad company and by water standing on the land on account of the failure of the railroad company to establish or maintain the ditches in the manner provided in the contract.

The first question raised by counsel for the railroad company is that although Dodds might have maintained an action like this for injury to his crops by reason of the failure of the railroad company to perform its contract, a right of action did not lie in Dodds & Johnson as partners, because Johnson was not a party to the contract and therefore could not enforce any liability for its breach.

We think, however, that the covenants in this deed ran with the land. The railroad company, as a part of the consideration paid by it for the right-of-way, agreed to erect and maintain the fences and ditches provided for in the contract. This was not a personal contract between Dodds and the railroad company, or such a contract as limited the liability of the company to a suit by Dodds alone. Any grantee of Dodds who was injured by a breach of these conditions on the part of the railroad company, could maintain an action against it in the same manner and with the same effect as could Dodds, unless in the conveyance to the grantee there was some stipulation exempting the company from

its obligation: Kentucky Central R. R. Co. v. Kenney, 82 Ky., 154; Flege v. Covington & Cincinnati Elevated Ry. Co., 122 Ky., 348; Bronson v. Coffin, 108 Mass., 175, 11 A. R., 335; Kellogg v. Robinson, 6 Vt., 276, 27 A. D., 550; Burbank v. Pillsbury 48 N. H., 475, 97 A. D., 633; Midland R. R. Co. v. Fisher, 125 Ind., 19, 8 L. R. A., 604.

In cases like this the grantor in the deed and his successors in title have the election of three remedies for the enforcement of rights arising from breaches of the contract by the grantee or its successors in title. An action may be brought for a specific performance of the contract or to recover damages for an injury to the land, or for an injury to the crops growing on the land. As said in Henderson v. Harbison-Walker Refractories Co., 167 Ky., 178:

"If he sues for specific performance and the defendant complies with the covenant and builds the structures required by the deed, but thereafter fails to maintain them, plaintiff may sue again and require the defendant to maintain them, or he may recover damages for his failure to maintain. If, instead of asking specific performance, he sues for damages, he, besides incidental damages up to the time of the trial for any injury to his land, or any inconvenience resulting from not having the structures, is entitled to recover what it would reasonably cost to build and maintain the structures." To the same effect are: Cincinnati Southern R. R. Co. v. Hudson, 88 Ky., 480; Wilson v. Illinois Central R. Co., 29 L. R. A., 170; Big Sandy Ry. Co. v. Rice, 146 Ky., 619.

In the Henderson case the court said that in an action like this the complaining party has two remedies. That statement was made with reference to the facts appearing in that case, because we think that in addition to the two remedies named, the grantor and any one claiming under him has the additional remedy of an action to recover damages for injury to his crops, and this last named remedy, when the others are not resorted to, he may have whenever there is a recurrence of the injury. For example, if the grantor brings a suit, as did Dodds & Johnson in this case, to recover damages for injury to the crops of 1913, his recovery should be limited to the damages sustained to these particular crops. If after this the railroad company should fail to perform the conditions of the contract, the grantor, or his successor, who stands in his shoes, may

bring like suits to recover for like recurring damages sustained in subsequent years, and so on until the conditions in the contract are performed. But if the grantor or his vendee brings suit to recover damages for injury to his land by reason of the breach, he can only have one action, and in this action he is entitled to recover what it would reasonably cost him to build and maintain the structures or improvements and such other damages as he has sustained up to the trial. If suit for specific performance is brought, the court should require the grantee to perform the contract by the erection and maintenance of the improvements or structures provided for, or give adequate damages as an alternative. And, so, if the grantee erects the structures but fails to maintain them, then the grantor, or his vendee, may in one action recover damages for the injury he has suffered and what it would cost him to build and maintain them; or he may bring recurring actions for injuries to his crops.

It is urged, however, that even if all this be admitted, the recovery was limited in this case to the damages sustained by Dodds alone. That is to say, that Dodds could only recover such damages as he suffered by reason of the injury to his interests in the crops. But we do not agree with this. Of course, if Dodds had been the sole owner of the crops, there could be no question of his right to recover the full damage sustained; but it appears that Dodds & Johnson were partners in these crops, each owning an undivided interest therein. It further appears that some of these crops were grown by tenants of Dodds & Johnson, who also had an interest in the crops. Under circumstances like these, we think all the parties having an interest in the crops, for injury to which it was sought to recover damages, should join in one suit so that in one action the damages to which all of the interested parties are entitled may be fixed and the rights of the parties determined. Clearly, it would not do to say, in a case like this, that the recovery should be limited to the damages Dodds sustained on account of the injury to his particular interest in the crops, and that the other joint owners in the crops must go without anything. Neither would it do to say that each of the joint owners of the crops might bring separate suits and thereby put on the railroad company the cost and expense of defending several

suits, when the whole matter in controversy could have been determined in one. The rights of Johnson and the rights of the tenants of Dodds & Johnson to recover damages for injury to their crops grew out of the contract made with Dodds, and if the action had been brought alone by Dodds, all of these interested persons would have been necessary parties, if they desired to have any recovery for the injury to their part of the crops.

Of course, the court could not compel them to join as parties. They had the right to either come in or stay out, as they pleased. If they desired to stay out, as it appears the tenants in this case did, those staying out would lose their right to recover any damages; but, Dodds & Johnson, who were jointly interested in these crops, had the right to maintain this single action and to recover in it, as they. did, damages for the injury sustained to their interest in these crops.

It should further be stated that if the defendant elects to let part of the joint owners sue, without making any effort to bring the other necessary parties before the courts, the defendant can not thereafter object to suit by these other parties. But in this case it appears that the railroad company did make an unsuccessful effort to have these tenants made parties plaintiff. Why they were not brought in, or did not come in, does not appear.

Their failure to appear, however, under the circumstances, did not affect the right of Dodds & Johnson to maintain the suit for injury to their interest in the crops. It only had the effect of depriving these tenants of the right to bring for themselves a suit to recover damages for injury to their interest in the crops, and it is plain that as the tenants cannot bring a separate suit, the railroad company has not been prejudiced by their failure to join in this suit in which the recovery was limited to the loss sustained by Dodds & Johnson alone.

It appears from the evidence that the land over which this railroad ran was lowland, subject to overflow, that for the purpose of reclaiming had been tiled by Dodds, and that the right-of-way of the railroad crossed several lines of this tiling at right angles. When the railroad was constructed it was evidently apprehended that the construction of the railroad would in-

terfere with the passage of the water through these tiles, and, therefore, it was stipulated in the contract that ditches should be maintained on each side of the track so as to drain off the water.

It is now contended on behalf of the railroad company that because the deed did not make any provision for the outlet of water through this tiling or disclose its existence, of which it is said the company was ignorant at the time it secured its right-of-way, Dodds lost his right to impose upon the company the burden of providing an outlet for the water through these ditches. But we find no merit in this contention. According to our view of the case, it is wholly immaterial whether the railroad company had any notice of the existence of this tiling or not, or whether any provision was made in the contract to preserve an outlet for the water through this tiling. The company obligated itself to open and maintain ditches for the purpose of draining off the water, and it is for a breach of this condition in the contract that the action in part was brought. The company cannot excuse itself from the performance of this stipulation in the contract upon the ground that it did not know the land was tiled or because the contract did not make any mention of the tiling. The contract plainly advised the company of its duty to make and maintain ditches, and this duty being a covenant running with the land, its failure to perform it subjected it to liability for injury sustained by Dodds & Johnson on account of its failure to comply with the contract.

It is further complained that the court did not properly instruct the jury. Under the instructions, the recovery, as stated, was limited to the damages suffered to the interest in the crops owned by Dodds & Johnson, and the jury were told, in substance, that, if on account of the failure of the company to maintain the ditches, the land was overflowed, and the crops growing thereon in the year 1913 were injured and damaged, they should find for Dodds & Johnson such sum as would fairly compensate them for the difference, if any, between the fair market value of the crops grown upon the land and the fair market value of the crops that could have been grown upon it except for the failure of the railroad company to maintain the ditches in the manner provided in the contract. They were further told that if the company failed to construct and maintain the fences pro-

vided for, and on account of such failure, stock tres-
passing on the crops injured them, they should find for
Dodds & Johnson such sums as would fairly compensate
them for the injury so sustained. We think these in-
structions presented in substantially correct form the
law applicable to the case: Louisville, New Albany &
Chicago Ry. Co. v. Sumner, 106 Ind., 55, 55 A. R., 719;
Elliott on Railroads, vol. 3, section 1188.
    The judgment is affirmed.