## Chicago, Memphis & Gulf Railroad Company v. Dodds & Johnson, et al.

### Same v. Same.

(Decided March 2, 1917.)

## Appeals from Fulton Circuit Court.

1. Damages—Injury to Crops—Action Against Railroad For Failure to Construct Ditches.—Where a grantee in a deed obligated itself to erect fences and construct consecutive ditches along its right of way through grantor's land, and it failed to perform such covenants and the crops upon grantor's lands are damaged thereby, the grantor may maintain an action for damages to same.

2. Damages—Injury to Crops—Parties.—Tenants upon grantor's land were properly joined as plaintiffs with the grantor, since they had a one-half interest in the damaged crops.

3. Damages—Injury to Crops.—Where plaintiffs brought an action in January, 1914, for injury to crops of the year of 1913; recovered judgment for $750.00; filed another action in September, 1914, for damage to 1914 crops, and filed still another action for damage to 1915 crops; Held, that plaintiff is not barred from recovery upon the last two actions by reason of the trial and judgment

of the first action, as the suits were not for permanent injury to the land, but for damage to the growing crops on same, and the defendant had failed to comply with its covenant in the deed from plaintiff to defendant.

B. ·T. DAVIS, ROBBINS & ROBBINS and TRABUE, DOOLAN & COX and R. V. FLETCHER for appellant.

W. J. WEBB for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal involves two cases from the Fulton circuit court, each styled, Chicago, Memphis and Gulf Railroad Company v. Dodds & Johnson, &c.

The first of these cases was filed December 28th, 1914, and was tried and judgment entered January, 1916. The second case was filed January 7th, 1916, and tried and judgment entered in May, 1916. They involve the same questions and will be considered together.

Some years ago, S. L. Dodds became the owner of 1,400 acres of low, soggy, but very fertile land in the Mississippi Valley in Fulton county, Kentucky. By a system of tile drainage he succeeded in rendering these lands very productive, both of cotton and alfalfa. In 1910 he entered into a written contract with the Chicago, Memphis & Gulf Railroad Company, whereby he sold and conveyed to said railroad company a right of way through this farm, upon which to build and construct its railroad. In consideration of the right of way, the railroad company agreed and obligated itself to erect fences on either side thereof through said lands, of such nature and character as to protect the farm from trespass from cattle and other stock, and agreed to "construct and maintain a consecutive open ditch, along each side of the railroad track, so as to drain off what water might be embanked along the said right of way." In constructing the railroad and building its dump, the appellant broke and disconnected the drain tiles, located in and running through and under the lands for the purpose of carrying off the water. It also failed to construct or maintain a consecutive open ditch upon each side of the right of way. As a result of this the lands became wet, soggy, and unproductive, and the crops were damaged by reason of lack of drainage. Dodds entered into a partnership with Johnson for the purpose of farming these lands, and accordingly crops

were planted in the year of 1913. In 1914 an action was brought by Dodds & Johnson, against the railroad company alleging that the crops on the farm for the year of 1913 were damaged by reason of water being cast upon the lands as a result of the company having failed to dig and maintain the consecutive open ditch along on either side of the right of way; and, further, the breaking of the drain tiles rendered them inoperative and left the water upon and in the lands so as to and it did damage the crops.

Upon a trial of the case, Dodds & Johnson recovered judgment for $750.00, damage to crops for the year of 1913. This did not include damage to crops suffered by the tenants on the farm. From this judgment the railroad company appealed to this court, and the opinion in that case will be found in 167 Ky., page 624.

Every question raised here is covered in that opinion with the exception of the plea of *res adjudicata,* relied upon here, and the five-year statute of limitation.

The two cases embraced in this appeal were brought in the lower court for the recovery of damages for injury to growing crops. Dodds & Johnson in these two actions joined with them as plaintiffs, several tenants living upon and cultivating a part of these lands. The plaintiffs, Dodds & Johnson, were to have one-half of the crops and the tenants the other half. The tenants were, therefore, proper parties in an action for injury to the crops. The verdict set out the exact amount allowed each tenant, and the amount recovered by the tenants were each less than $200.00, and upon motion of appellees the appeals were dismissed in this court, as to each of the tenants. Dodds & Johnson are now the only appellees, having recovered in the action for the year of 1914, $667.84 and the other for the year of 1915, $700.00, for their half of the damage to the crops.

It is insisted that the tenants were improperly joined as plaintiffs, but this question is fully discussed and expressly passed upon in the former opinion, 167 Ky. 624, where it is said:

"Any grantee of Dodds who was injured by a breach of these conditions on the part of the railroad company could maintain an action against it in the same manner and with the same effect as could Dodds, unless in the conveyance to the grantee there was some stipulation exempting the company from its obligation. Kentucky

Central Railway Company v. Keeny, 82 Ky. 154; Flege v. Covington, Cincinnati Elevated Ry. Co., 122 Ky. 348; Bronson v. Coffin, 108 Mass. 175; 11 A. R. 335; Kellogg v. Robinson, 6 Vt. 276, 27 A. D. 550; Burbank v. Pillsbury, 48 N. H. 475, 97 A. D. 633; Midland R. R. Co. v. Fisher, 125 Ind. 19, 8 L. R. A. 604.

It is, therefore, unnecessary to again discuss this question.

Appellant, railroad company, further urges a reversal of the judgment in the first case on this appeal, because, as it asserts, the action for damages which was filed January 7th, 1914, and in which the plaintiffs, Dodds & Johnson, recovered a judgment for $750.00, and which was affirmed in this court, was tried in the circuit court September 25, 1914, after the alleged damage or injury had accrued to the crops in the year of 1914, and the plaintiffs should have amended their petition so as to have had but one action against the defendant company for such damage, up to and including the day of the trial. This, however, is not the rule. The plaintiffs might have amended their petition in the first case, so as to have recovered damages for the year of 1914, but they were not obliged to do so. The injury to the crops of 1914 had not accrued at the time of the bringing of the first action, January, 1914. This court in the case of C. & O. R. R. Co. v. Stein, 142 Ky. 522, in passing upon this exact question, said:

"If the court had confined the damages the jury might award to those that accrued prior to January 1907, then the appellee would have another cause of action for the damages accruing between January, 1907, and the date of the trial."

Appellant company relies upon *res adjudicata* as to the 1914 crop, because the crop of that year had suffered injury before the trial of the case involving the loss of the crop of 1913. The trial at which the judgment was obtained was had September 25th, 1914. In the meantime another crop for the year of 1914 had been damaged by water, caused in the same manner as in the first case, but the plaintiffs, Dodds & Johnson, in the first action were confined in their recovery to such damage as was occasioned to the crop of 1913. It follows, therefore, that another action would properly lie for the crop of 1914 and the demurrer to the defendant's plea based upon these facts was properly sustained.

Appellant, railroad company, at great length in its brief, urges that these two cases are a repetition of the first case brought in January, 1914, and that all three of the actions are in fact for injury to real property. If this be true, then these two judgments must be reversed because only one action can be had for one and the same permanent injury to real property. As was said in the opinion in the first case, 167 Ky. 624:

"In cases like this the grantor in the deed and his successors in title have the election of three remedies for the enforcement of rights arising from breaches of the contract by the grantee, or its successors in title. An action may be brought for: (1) a specific performance of the contract; or, (2) to recover damages for an injury to the land; or, (3) for an injury to the growing crops on the land . . . . but if the grantor or his vendees brings suit to recover damages for *injury to his land* by reason of the breach, he can only have *one action,* and in this action he is entitled to recover what it would reasonably cost him to build and maintain the structures or improvements, and such other damages as he has sustained up to the trial."

However, this is not the case here. The first action as well as the two now here on this appeal, were brought for damage to growing crops, and not for injury to the land. It is true that the petition and amended petition in each of the actions refer to the fact that the plaintiff, Dodds, owns the land, and that the drain tiles had been broken and disconnected by the railroad company and that the consecutive ditches have not been properly constructed or maintained, but each of these actions sought only to recover damages for the loss sustained to the crops. It is the damage or injury to the crops in each case which is the basis of the action. The plaintiff, Dodds, had the right to bring an action for damage to the land, but he did not choose to do so. That was one remedy open to him, but there were also two other remedies. The defendant company had the right and it was in its power to have the whole matter settled, in the first action, by requiring the entire question to be submitted and determined once for all, but it did not choose to do so. The action brought in January, 1914, for damage to the crops of 1913, as well as the two actions now before us, were to recover damages for injury to crops, and such an action may be had whenever there is a re-

currence of the injury. There may be an action each year so long as the railroad company fails to perform the conditions of the contract, and injury results to the crops. This question was also discussed in the former opinion. 167 Ky. 627. Neither of these actions can be said to be *res adjudicata* of the questions involved in the first action, nor is the one brought to recover damages to the crop of 1915 *res adjudicata* of the questions involved in either of the other actions.

The third paragraph of defendant company's answer in the third suit pleads the five-year statute of limitation in bar of a recovery. If this action was one for injury to real property, this statute might have been invoked, but being one for recovery of damages to growing crops for the year 1915, the suit instituted January 7th, 1916, was certainly timely. The lower court did not, therefore, err in sustaining the plaintiff's demurrer to this paragraph of the answer.

Complaint is also made by appellant that the instructions given by the lower court did not properly present the law of the case. Since the instructions in these two cases are almost identical with those given in the first case, and which were approved in the opinion referred to above, it is unnecessary to extend this opinion in a discussion of the questions raised. Perceiving no error to the prejudice of the rights of the appellant, the judgment in each of these cases is affirmed.