# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## SPRING TERM, 1918.

### Stahr v. Chicago, Memphis & Gulf Railroad Company.

(Decided March 19, 1918.)

#### Appeal from Fulton Circuit Court.

1. Election of Remedies—Covenant for Ditching—Breach.—For a breach of a covenant in a deed, conveying a right of way to a railroad company, to keep and maintain certain ditches, the grantor may sue for specific performance of the contract, or for injury to his land, or for injury to his crops.

2. Judgment—Splitting Actions—Covenant to Ditch—Breach. — The rule that but one recovery may be had for an injury to land applies only in a case of permanent injury and not to a case where the injury is such as merely to deprive the owner of the temporary use of the land for purposes of cultivation during a brief period of time.

3. Judgment—Conclusiveness—Covenant for Ditching—Breach. — A judgment in an action against a railroad for a breach of a covenant to keep and maintain ditches where plaintiff sought and recovered only temporary damages for the loss of the use of his land and for the destruction of his growing crops during two years, is not a bar to another action for subsequent injuries to his growing crops.

HESTER & HESTER for appellant.

BEN DAVIS and J. E. ROBBINS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Vol. 180—1

By a deed dated January 25, 1911, Stephen Stahr conveyed to the Chicago, Memphis & Gulf R. R. Company, a strip of ground eighty feet in width through his farm, and also a strip of land ten feet wide on the west line of the track inside the fence from the line of the railroad south to the lowest point of the surface for the purpose of a ditch to be opened immediately upon the construction of the railroad for the water from the ditches on either side of the railroad. The deed also contained a covenant on the part of the railroad and its assigns to keep and maintain the ditches on either side of the railroad and the ditch on the west line, open and in good repair to the level of the lowest point of the surface of said line, and further provided that the grantor, his heirs and assigns should have the right to lead tile into the ditches at such points as they desired.

In the year 1912, Stahr brought suit against the railroad company to recover damages which he sustained during the years of 1911 and 1912 by reason of the company's failure to comply with its covenant, the petition alleging that by reason of the company's failure to properly construct and maintain the ditches, "his grasses and crops were destroyed by water and land injured, and he was prevented from planting and raising crops and lost the use of said land by reason thereof during said two years to his great damage." In that action the trial court instructed the jury that if they believed from the evidence that the railroad company failed properly to construct and maintain the ditches and by reason thereof plaintiff's land during the years 1911 and 1912 was overflowed and he was thereby prevented from cultivating any of his land during those years, the jury should find for the plaintiff "the reasonable rental value of such lands he was so prevented from cultivating, not exceeding the sum of $10.00 per acre, and the reasonable expense he was put to, if any, in preparing said land for cultivation, not exceeding three hundred dollars for preparing said land, and if the jury further believe his crop of alfalfa was destroyed by reason of such overflow, if any, then they will find for plaintiff the reasonable value thereof, not exceeding $40.00 per acre for such as was destroyed, not exceeding in all, however, in this case, the sum of $2,000.00, the amount sued for." The jury returned a verdict in favor of plaintiff and fixed his damages at $100.00.

In the year 1916, Stahr brought this suit against the railroad company to recover damages to his alfalfa and other growing crops during the years 1913, 1914, 1915 and 1916. The railroad company pleaded the former judgment in bar of his right of recovery. This plea was sustained and the petition dismissed. Plaintiff appeals.

It was pointed out in the recent case of Chicago, M. & G. R. Co. v. Dodds & Johnson, 167 Ky. 624, 181 S. W. 666, that for the breach of a covenant such as the one in question, the grantor could bring an action for specific performance of the contract, or sue for damages for injury to his land, or to his growing crops. It was further held that where the suit was for injury to land, but one recovery could be had, but where the suit was for injury to crops, successive actions might be maintained. In announcing this rule, however, the court meant that but one recovery could be had for a permanent injury to land and not for a mere temporary injury that simply prevented the owner from using and cultivating the land for a short period of time. While in the first action plaintiff did allege that his grasses and crops were destroyed by water and his "land injured," this allegation is followed by more specific allegations showing that the only injury to his land of which he complained was a mere loss of its use for cropping purposes during the years 1911 and 1912. Not only is this true, but the trial court in its instruction on the measure of damages limited plaintiff to the recovery of mere temporary damages measured by the reasonable rental value of the lands which he was prevented from cultivating, the reasonable expense of preparing such lands for cultivation, and the reasonable value of the crops destroyed. Since plaintiff did not ask, and was not adjudged, damages for permanent injury to his land, but merely sought and recovered damages for the loss of the temporary use of the land, and for the destruction of his growing crops, it follows that the judgment in that action is not a bar to plaintiff's right of recovery in this action for subsequent injuries to his growing crops, and the trial court erred in sustaining the plea of *res judicata.*

Judgment reversed and cause remanded for proceedings consistent with this opinion.