DICK THAYER v. STATE.

No. A-3287.    Opinion Filed Oct. 1, 1919.

(183 Pac. 931.)

Appeal from County Court, Oklahoma County; William H. Zwick, Judge.

Dick Thayer was convicted of the crime of conveying intoxicating liquors, and sentenced to pay a fine of $100 and to serve 60 days in the county jail, and he appeals. Judgment affirmed.

Pruiett, Sniggs & Burns, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Oklahoma county, in which the defendant was convicted of the crime of unlawfully conveying intoxicating liquors, and sentenced to pay the fine and to serve the term of imprisonment as above stated.

For grounds of reversal, two alleged errors are relied upon:

(1) That the court erred in overruling the demurrer to the original information, for the reason that the same was verified before a person unauthorized to administer an oath. The original information filed in this case appears to have been verified before a person designating himself "Deputy Court Clerk."

The defendant interposed no motion to set aside or quash this information because of this defective verification, but entered his plea of not guilty and proceeded with the impaneling of the jury. After the impaneling of the jury commenced, the defendant asked leave of the court to withdraw his plea of not guilty for the purpose of demurring to the information, which leave was granted. Thereupon, the defendant filed a demurrer to the information upon two grounds: (1) That the same did not state facts sufficient to constitute a public offense; (2) that the information did not conform to the law and did not particularly set out the crime, or charge a crime against the laws of the state, so as to give the defendant sufficient notice of the nature and character of the charge attempted to be filed against him. The demurrer on these two grounds was overruled by the court, to which the defendant excepted, and the defendant thereupon entered his plea of not guilty.

The defendant, failing to move to quash or set the information aside because of the defect in the verification, which appeared upon the face of the information, waived the defect. The information was sufficient for all purposes without a proper verification, except to authorize the issuance of a warrant of arrest, and under our Code of Criminal Procedure the method of attacking such an insufficiently verified information must be by motion to quash or set aside the same. Such question is not properly raised by a demurrer; especially would this be so of a demurrer upon the grounds above stated. In re Talley, 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805; Muldrow v. State, 4 Okla. Cr. 324, 111 Pac. 656; Blair v. State, 4 Okla. Cr. 359, 111 Pac. 1003.

On motion of the county attorney; the court permitted the original information to be amended by inserting the words "about a quarter of a mile west of the place where western avenue intersects G avenue in Capitol Hill, in said city, county, and state," and striking therefrom the words, "designated as Western and G avenue, said city, county, and state."

The effect of the amendment was to change the place to which the whisky was alleged to have been conveyed from the intersection of Western and G avenues to a point about a quarter of a mile west of said intersection. This amendment, having been made over the objection and exception of the defendant, is alleged to have been particularly prejudicial to him, in that it materially changed the description of the offense, and also because the information was not required to be reverified after the amendment was made.

It is sufficient to state that, in the opinion of the court, the amendment did not materially alter the offense as charged in the original information; also, it may be observed that, had the information been materially altered by an amendment, the fact that the defendant proceeded to trial without asking additional time in which to plead to such amended information, and without filing any motion to quash or set the same aside, amounted to a waiver of the failure to reverify the same.

Finding no prejudicial error in the record, the judgment of conviction is affirmed.