RAILROAD SCHOOL TOWNSHIP, STARKE COUNTY, INDIANA, *v.* CHRISTENSEN.

[No. 13,059. Filed October 25, 1928.]

*Oscar B. Smith,* for appellant.
*James C. Fletcher* and *William J. Reed,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant township, to recover damages for alleged failure of appellant to carry out a contract entered into by the parties, whereby appellee agreed to teach in the public schools of appellant township, in such building, room and such grade or grades as should be designated by appellant for the term of eight months, commencing September 14, 1925.

Upon a trial of the case, the court by special findings found against appellant, stated its conclusions of law and rendered judgment against appellant in the sum of $882.

The cause was first submitted to the Honorable William C. Pentecost, sole judge of the Starke Circuit Court, April 5, 1926. On January 3, same being the January term, 1927, said sole judge of the Starke Circuit Court, was ill and utterly unable to perform his duties as such judge, and, pursuant to statute, in such cases made and provided, the auditor, clerk and sheriff of Starke county appointed Charles Hamilton Peters as judge *pro tem* for the January term, 1927, of said

court. Thereafter, during the January term of said court, the said judge *pro tem*, presided in said cause and heard the evidence, and on the last day of said term, being February 5, 1927, took said cause under advisement until the first day of the March term, 1927. Upon the first day of the March term, 1927, of said court, being March 14, 1927, the Honorable William C. Pentecost, sole judge of said court, made and entered the following entry, to wit:

"Comes now, William C. Pentecost, the regular judge of this Starke Circuit Court, and, having regained his health, now resumes his duties as such judge."

Subsequently, upon March 18, 1927, same being the fifth judicial day of the March term of said court, said judge *pro tem* found the facts specially and stated his conclusions of law thereon. Before rendition of the judgment and, upon March 23, 1927, appellant filed its amended verified motion challenging the jurisdiction of said judge *pro tem* to act, and it moved to set aside the submission of the cause. On March 25, 1927, the Honorable William C. Pentecost, sole judge of the Starke Circuit Court, refused to rule on appellant's amended motion challenging the jurisdiction of the judge *pro tem*. Thereupon, appellant filed application for change of venue from the judge *pro tem*, which was overruled. On April 4, 1927, appellant's amended motion challenging the jurisdiction of the judge *pro tem* and to set aside the submission of the cause was overruled by the judge *pro tem*. Proper exceptions were taken to each of these rulings of the court, which appellant presents as reversible error.

The statute, §1814 Burns 1926, provides for the appointment of a judge *pro tem* in the manner in which the judge *pro tem* was here selected, and it provides that he shall serve until the "return of the regular judge." It is true that a special judge or-

dinarily does not lose jurisdiction to complete the trial of a case because the regular judge returns during the trial and resumes his regular duties, and so it should be, that confusion, hardship and expense to litigants may be avoided. The appointment here was for a definite term of court, but the statute having fixed the time during which the appointed should serve, the attempt to limit such appointment to the January term was without force or effect, and the judge *pro tem* was authorized to serve at least until the regular judge resumed the bench.

But, under the facts as they appear by the record, another principle may be invoked. On March 18, 1927, being the March term of court, the judge *pro tem*, assuming further jurisdiction of said cause, found the facts specially and stated his conclusions of law thereon, and there was no objection to such action until, the special findings and conclusions being against appellants, they thereafter objected to the jurisdiction of the judge to further proceed with the case. Even though the jurisdiction of the judge *pro tem* may be considered as terminated upon the regular judge resuming the bench, if the judge *pro tem* presides at a subsequent term, at which his authority is recognized by the parties, they thereby waive any objection to his continuing jurisdiction. *Small* v. *Reeves* (1896), 37 S. W. (Ky.) 682; *Ex parte Elgan* (1912), 8 Okla. Crim. 75, 126 Pac. 584.

Under the circumstances of this case, there is no error as to the jurisdiction of the judge *pro tem* of which appellants may complain, and their motion for a change of judge, not having been made before the case was submitted for trial, came too late. *Whitcomb* v. *Stringer* (1903), 160 Ind. 82, 66 N. E. 443.

Other errors which appellants undertake to present are that the court erred in sustaining the motion of appellees for judgment on the special findings of fact;

and erred in overruling appellant's motion for a new trial.

It appears by the special findings that appellee, under date of December 6, 1923, was issued an Indiana teacher's license in the name and by the authority of the state by the Superintendent of Public Instruction, to teach school in the public schools of the state for a term of two years, expiring on December 6, 1925; that said license was never revoked, and that the same was in the form as provided by law, and was recorded with the county superintendent of schools, of Starke county; that subsequently, and upon June 29, 1925, appellant, through its trustee, delivered to appellee a written notice of her appointment, which was subsequently accepted by appellee, and by which she was notified that she had been appointed to the position of teacher in the primary English Lake Schools for the school year of 1925 and 1926, at a salary of $960; that, as soon as appellee received such notice, she acknowledged the receipt thereof and accepted in writing the position of teacher in the school so designated; that in the month of August, 1925, certain patrons and tax payers of the English Lake School, filed with the trustee their remonstrance against the employment of appellee as such teacher; that in August, 1925, at the county teachers' institute at Knox, the county superintendent of schools, acting at the request of appellant township, through its trustee, notified appellee of the filing of such remonstrance, and advised her to teach a certain other school in said township, but she at the time declined to accept or agree to teach such other school—whereupon, the said county superintendent assigned her to the English Lake School; that on September 8, 1925, appellee and appellant, through its township trustee, entered into a written contract, as required by law, whereby appellant agreed to pay appellee $960 for service as teacher in "the public schools

of said school township in such building, room, and such grade or grades as shall be designated by such employer, for the school term of 8 months, commencing on the 14th day of September, 1925.''

It was further agreed by the contracting parties that in case the school should be closed during the school year by order of the school trustee, or if, through no fault of appellee, the school could not be continued in session, appellee should receive her regular payments during the time the school was so closed; that on August 14, 1925, appellant, by and through its township trustee, mailed to appellee a notice that he had received many objections and protests daily against her teaching at English Lake, and, in order to keep peace and harmony, and for the success of the school, he had selected the Lomax primary for her to teach; that appellee declined and refused to teach said Lomax school so offered to her by appellant, which said Lomax school was to commence upon September 14, 1925, for the term of eight months and appellee was to receive for her services, if accepted, the sum of $960; that the English Lake School, consisted of two rooms, and that one of said rooms was a primary room, which was the one in which appellee was employed to teach, under her contract; that the English Lake School began on September 14, 1925, and, at that time, appellee was ready, willing, able and qualified by law at all times during said term to teach in said school, but was prevented from so teaching by the actions of appellant, through its trustee, in discontinuing said primary room in the English Lake School, and by refusing and preventing appellee from teaching therein; that appellee, under her said contract, was, on October 14, 1925, paid on said contract $114.25 by appellant.

If appellants' assignment of error that the court erred in sustaining appellee's motion for judgment on the

special findings of fact were construed to be a challenge of the conclusions of law, it is in no way presented by appellants in their points and authorities, and we are compelled to hold that no question is presented as to error in the conclusions of law. Had such error been properly presented, quite a different situation would have been before us for our consideration. Objections that the decision or finding of the court is not sustained by sufficient evidence and that it is contrary to law do not present any question as to the correctness of the conclusions of law, but apply exclusively to the finding of facts. Averments in the motion for a new trial that the "decision on findings" of the court is not sustained by sufficient evidence, even if such an assignment were proper, and that the decision of the court is contrary to law can have no other meaning than that the special findings are not sustained by sufficient evidence and that they are contrary to law. The word "decision," as used in the statute, includes special findings, and "decision" and "finding" are held to be synonymous. *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 71 N. E. 23, and cases there cited. Appellant's confusion is in the use and meaning of the word "decision." Assigning that the "decision on findings" of the court is not sustained by sufficient evidence, appellant then proceeds to show, in effect, that there is no contradiction between the findings and the evidence, but undertakes by this assignment and the assignment that the decision is contrary to law to present that the court erred as to the law as applied to the facts. Where there are special findings of fact on which the court has stated conclusions of law, errors of law are presented by exceptions to the conclusions of law and not by a motion for a new trial.

Judgment affirmed.