MAMIE SHANE *vs.* MARY J. LYONS.

Essex.    November 1, 1898. — November 22, 1898.

Present: FIELD, C. J., HOLMES, LATHROP, BARKER, & HAMMOND, JJ.

*Assault by Husband as Agent of Wife committed in her Absence.*

A married woman is civilly responsible for personal injuries inflicted not in her presence upon a third person by her husband while acting within the scope of his authority as her agent.

TORT, for an assault and battery committed by the husband of the defendant upon premises owned by her. At the trial in the Superior Court, before *Lilley*, J., it appeared that the husband of the defendant was her authorized agent for the care of her real estate; that at the time of the alleged assault and in the commission thereof he was acting within the scope of his authority as such agent, and that she was not then present. The defendant requested the following rulings: "The defendant in this case being the wife of the person committing the alleged assault cannot be held responsible therefor, because of the fact that she is his wife; that is to say, a wife cannot be held legally responsible for an assault committed by her husband, whether her husband was at the time her lawful agent for certain purposes, such as the care of her real estate, or not."

The judge refused so to rule; and the jury returned a verdict for the plaintiff.   The defendant alleged exceptions.

*C. H. Poor & E. B. Fuller*, for the defendant.

*D. B. Kelly & J. F. Batchelder*, for the plaintiff.

HAMMOND, J.   The only question is whether a married woman can be civilly responsible for personal injuries inflicted not in her presence upon a third person by her husband while acting within the scope of his authority as her agent.

The act of the agent is the act of the principal, and she must be held unless there is something in the relation of husband and wife which takes the case out of the general rule.

It is contended by the defendant that, while the wife is liable for assaults and other torts committed by her when not acting under the coercion of her husband, she is not so liable when acting under such coercion, and that, as the husband was present at the time of this assault, she herself, if she had been personally present and had actually joined in the assault, would have been presumed to have acted under coercion, and so would not have been liable, and that *a fortiori* she ought not to be held liable when absent.

But this presumption of coercion is simply a presumption which may be rebutted by evidence, and a wife may be held responsible, either criminally or civilly, for assaults committed of her own free will and while actually under no coercion from her husband, even although he be present and join therein. *Commonwealth* v. *Eagan*, 103 Mass. 71.   *Handy* v. *Foley*, 121 Mass. 259, and cases cited.   *Ferguson* v. *Brooks*, 67 Maine, 251.

Our statutes have given to a married woman the right to hold, manage, and dispose of her property in the same manner as if she were sole, and a necessary consequence of this enlargement of her power is a corresponding increase of her responsibility for all acts relating thereto and growing out of her management and control.   If she appoints her husband as her agent in such a matter, and in making such appointment acts of her own free will and without coercion from him, we see no reason for regarding her as incapable of authorizing any act to be done by him in her name, and on her behalf, or for shielding her from responsibility.

It must be held that whatever is done within the scope of the agency is done by her authority.

*Exceptions overruled.*