Case 63.—ACTION BY MARIE DREXILIUS, &c., AGAINST THE COVINGTON SAWMILL & MANUFACTURING CO., FOR DAMAGES FOR PERSONAL INJURIES.—May 17.

## Covington Saw Mill & Mfg. Co. v. Drexilius, &c.

Appeal from Kenton Circuit Court.

W. McD. Shaw, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Reversed.

Public Streets and Alleys—Building Sewer Across—Failure to Keep in Repair—Injury to Child—Liability of Constructor—Construction by Former Owner—Liability of Successor—Implied Contract—Children—Playing on Street—Necessary Use—Instruction—Gross Negligence—Punitive Damages.

1. Public Streets and Alleys—Building Sewer Across—Failure to Keep in Repair—Injury to Child—Liability of Constructor—Where a child eleven or twelve years old broke her leg in jumping from a pile of lumber and breaking into a sewer, which had been constructed in a public alleyway of a city without the consent of the city by the owner of a lumber plant adjoining the alley, for his own convenience in drawing the surface water from his lot, which sewer was constructed of plank which had been allowed to become rotten, it was the duty of the owner of the plant to keep the sewer in safe condition and such owner, and not the city, is liable in an action for damages for such injury.

2. Construction by Former Owner—Liability of Successor—Implied Contract—The fact that the sewer was constructed by a former owner of the plant for the use and convenience of the plant, and which was maintained by him during his ownership, will not excuse his vendee from liability, who continued to use the sewer and failed to thereafter keep it in repair, as he was liable for its repair, and the fact that it was kept in repair by the former owner, an agreement that he should keep it in repair was implied.

3. Children—Playing on Street—Necessary Use—The fact that the child was playing in the alleyway when injured is no defense to her action for damages for the injury. In crowded cities the use of the public street and alleys for purposes of recreation and pleasure by children and others may be regarded a public necessity, so long as such use does not impinge upon the rights of others to use them, and such users are entitled to have them in a reasonably safe condition.

4. Instruction—Gross Negligence—Punitive Damages—An instruction to the jury that they could find punitive damages against appellant if they should believe from the evidence that the injury complained of was the result of gross negligence, was error, and should not be given when there was no evidence whatever of gross negligence, and while this court might be of the opinion that the verdict rendered was no more than would compensate the plaintiff for the pain endured and the impairment of her capacity for laboring and earning money as the result of the injury, we do not feel warranted in saying

that some part of the verdict was not given by way of punishment.

S. D. ROUSE and J. B. FRANKEL for appellant.

### POINTS AND AUTHORITIES.

1. Because the court refused the motion of the appellant for a preemptory instruction to the jury to find for it.

The plaintiff's proof developed that when she was injured she was playing in the street, and she can not recover for injuries received while so engaged. (Rasch v. Licking Rolling Mill Co., 26 Ky. Law Rep., 249; Beach on Contributory Negligence, 3d Ed., secs. 256, 278, 281, 447; Elliott on Roads and Streets, 2d Ed., sec. 650; Blodgett v. Boston, 8 Allen, 237; Butterfield v. Forrester, 11 East., 60; Smith v. Smith, 2 Pick, 621; Parker v. Adams, 12 Met. [Mass.], 415; A. & E. E. Law, 1st Ed., vol. 4, p. 57; Snow's Adm'r v. City of Louisville, 107 Ky., 536.)

2. Because the verdict was against the evidence. There is absolutely no evidence in this case to show that appellant put this drain in the street, but, on the contrary, a positive denial.

3. The court erred in admitting testimony over the objection of the defendant, prejudicial to the defendant. The evidence introduced as rebuttal was evidence in chief, and was highly improper and prejudical.

4. The instructions of the court on the motion of the plaintiff were erroneous.

(a.) No. 1 is erroneous, because it imposes upon appellant the duty of keeping in repair the street in front of property upon which it merely has a lease. (Shearman & Redfield on Negligence, vol. 1, sec. 343.)

This argument is also pertinent under the first heading.

(b.) And the instruction is also erroneous, because it permits plaintiff to recover for negligence without anywhere defining negligence. The instructions define "gross negligence" and "ordinary care," but they do not define negligence, and nowhere was there any explanation to the jury of what was meant by negligently placing the box or drain in the street, or negligently permiting it to become dangerous. (Bogenschutz v. Smith, 84 Ky., 343.)

(c.) The instruction is also erroneous, because it does not confrom to the issue presented by the pleadings. (Grogan v. Kelly, 5 Ky. Law Rep., 251; Cov. & Cin'ti B. Co. v. Brennan, 16 Ky. Law Rep., 256.)

No. 2 is erroneous because it permits the jury to find for plaintiff for loss from impairment or reduction of her capability to earn money after she reaches the age of twenty-one—while there

is no proof upon his proposition and therefore no basis for the instruction.

No. 3. (a.) The third instruction is erroneous because it assumes that defendant was guilty of negligence.

(b.) There was no basis for an instruction for gross negligence. (McHenry v. Snedden, 98 Ky., 686; Lexington Railway Co. v. Fain, 25 Ky. Law Rep., 2243; Labrot v. Branson's Adm'r, 81 Ky., 638.)

5. Because the verdict was excessive. (Lexington Railway Co. v. Fain, 25 Ky. Law Rep., 2243; Cov. & Cin'ti Street Railway Co. v. Ware, 84 Ky., 267.)

ROBERT C. SIMMONS for appellee.

### POINTS AND AUTHORITIES CITED.

1. It can not be said as a matter of law that appellee was per se guilty of contributory negligence, because she was at play on a public street when injured. (McGuire v. Spence, 91 N. Y., 302; Chicago v. Keefe, 114 Ill., 222; Indianapolis v. Emmelman, 108 Ind., 535; Dist. of Col. v. Boswell, 6 App. D. C., 402; Gibson v. Huntington, 38 W. Va., 177; Reed v. City of Madison, 83 Wis., 171; Louisville v. Snow's Adm'r, 107 Ky., 536; Shearman & Redfield, Negligence [5th Ed.], sec. 370; Donoho v. Vulcan Iron Works, 75 Mo., 401, 4 Mo. App., 447.)

2. The petition is not objectionable in failing to state that plaintiff was playing on the street, or in the allegation as to damages, nor did the proof disclose a variance between pleadings and proof. (U. S. Mail C. Co. v. Carrollton, &c., Co., 101 Ky., 661; Civil Code, sec. 129; L. & N. v. Copas, 95 Ky., 460; C. & O. R. Co. v. Davis, 22 Ky. Law Rep., 748 and 1156.)

3. Appellant was liable as the author of a nuisance to any one sustaining special damages thereby and it was not necessary for appellee to allege or prove negligence. (Sherman & Redfield, Negligence, sec. 365, 359; Dillon, Municipal Corporations, sec. 1032; 15th Am. & Eng. Enc. Law, 433; Baumeister, &c. v. Markham, 101 Ky., 122; Dygent v. Schenck, 23 Wend., 446; Clifford v. Dam, 81 N. Y., 52.)

4. Appellant was not prejudiced by the instruction, because they make appellee's right to recover depend on her showing negligence on the part of appellant, which was a more favorable charge than appellant had a right to ask under the law. (Russell v. Cin., &c. R. Co., 4 Ky. Law Rep., 906; Smith v. Leforce, 14 Ky. Law Rep., 399; Carter Co. M. Co. v. Welburn, 11 Ky. Law Rep., 307.)

5. There was no error in the admission of testimony.

6. Punitive damages were proper. (Bransom's Adm'r v. Labrot, 81 Ky., 638; I. C. R. Co. v. Stewart, 23 Ky. Law Rep., 637.)

7. The damages awarded were no more than compensatory. (Baumeister v. Markham, 101 Ky., 122; Cent. Cov. v. Bellonby, 24 Ky. Law Rep., 1092; So. Cov. & Cin. St. Ry. Co. v. Pelzer, 19 Ky. Law Rep., 88; I. C. R. Co. v. Mizell, 100 Ky., 235; Maysville v. Guilfoyle, 110 Ky., 670.)

OPINION BY JUDGE O'REAR—Reversing.

Appellant was operating a lumber plant on a lot adjoining one of the public alleyways of the city of Covington. To divert a flow of surface water from the lot for its own convenience, it constructed and maintained a blind ditch or sewer, made of oak planks, across this alleyway and along the side of its lot, which was covered with dirt, hiding the location of the sewer. The ditch or sewer was not kept in repair, so that the planks became rotten. Appellee, a child of 11 or 12 years of age, while playing on the lumber piles and in the alley, jumped from one of these lumber piles to the ground in the alleyway, when the covering to this ditch gave way under her weight, her foot was caught in the hole thus made, and her leg broken. In her suit against appellant she was awarded a verdict of $2,500 in damages. This appeal presents the following matters which are alleged as errors at the trial, and for which a reversal is sought.

It is first complained that appellant was not liable for the condition of the street; that, when the ditch was dug and the box sewer put in, it was made reasonably safe for its purpose, and to keep it in repair was not the duty of appellant. The alleyway was a public highway which had been dedicated to the public use and accepted by the city many years before the accident sued for, and was so used at the time of the accident. The act of appellant in digging and maintaining the ditch across the alleyway without the di-

rection or permission, and, for that matter, without the knowledge, of the municipality, being for appellant's personal convenience, could not impose the duty on the municipality to keep it in repair. It was appellant's duty to maintain the ditch or sewer in such reasonably safe condition as would not interfere with the public's superior right to use the alleyway for any purpose for which it might have been properly used. Its failure to keep the ditch in such repair constituted it a nuisance.

In Woodring v. Forks Township, 28 Pa., 265, 70 Am. Dec., 134, it was said: "A man who owns the soil on which the public have a highway has a right to enjoy his property in every way that may promote his interest or convenience so that he takes care not to injure the public easement. * * * He may cut a passage across the road for the purpose of draining his land or leading water to his mill, because the land is his own, and he may use it for all legitimate purposes. But as he has no right to injure the public easement, he is bound in order to preserve that right, not only to construct bridges over the ditches, where they cross the highways, but also to keep them in repair. The duty of keeping such bridges in repair is as imperative as the original obligation to construct them."

It further appeared in that case that the ditch had not been cut by the appellant charged with the liability for not keeping it in repair, but was cut by a preceding owner. The court held, however, that when appellant continued to use the water course across the highway for the use of his mill, thereby rendering a continuance of the bridge necessary, he was liable for the repairs of the bridge. From those facts, and the further fact that the bridge had been kept in repair by the former owner of the mill, an

agreement to keep it in repair was implied.    To the same effect in Phoenixville v. The Phoenix Iron Co., 45 Pa., 135.

In Dygert v. Schenck, 23 Wend., 446, 35 Am. Dec., 575, a case was presented to the Supreme Court of New York where the owner of premises adjacent to a highway dug a raceway across the public road to conduct water to his mill, and built a bridge across it. Plaintiff's mare fell through the bridge in consequence of the plank flooring being loose, and received injury. The bridge, when built, was a substantial structure, and continued so for a number of years. In the end, however, the bridge was suffered to get out of repair. The court wrote: "In suffering this, the defendant came short of his obligation to the public. Any act of an individual done to a highway, though performed on his own soil, if it detract from the safety of travelers, is a nuisance.   *   *   * Special damage arising from it, therefore, furnishes ground for a private action, without regard to the question of negligence in him who digs it.   *   *   * The moment a plank became liable to slide from the bridge, or any other serious difference arose against its safety, as compared with the original unbroken ground the ditch took the character of a nuisance."

In Perley v. Chandler, 6 Mass., 454, 4 Am. Dec., 159, it was likewise held: "If a highway be located over water courses, either natural or artificial, the public can not shut up these courses, but may make the road over them by the aid of bridges.    But when a way has been located over private land, if the owner should afterward open a water course across the way, it will be his duty, at his own expense, to make and keep in repair a way over the water course for the convenience of the public, and, if he should neglect to do it, he may be indicted for the nuisance."

Judge Dillon, in his Municipal Corporations, sec. 1032, lays it down, upon authorities cited, that no person, not even the adjoining owner, whether the fee in the street be in himself or in the public, has the right to do any act which renders the use of the street hazardous, or less secure than it was left by the municipal authorities; and that, if the adjoining owner undermines the street by placing unauthorized obstructions therein which make the use of the street unsafe or less secure, he is guilty of a nuisance, and is liable to any person who, using due care, sustains any special injury therefrom. He declares: "The ultimate liability in such cases is upon the author or continuer of the nuisance." To the same effect is Stephani v. Brown, 40 Ill., 428; Matheny v. Wolffs, 2 Duv., 137.

The next proposition asserted by appellant is that appellee was injured while she was playing in the street, and can not recover for injuries received while so engaged. The great weight of authority, as well as the common sense of the matter, is that children may use the public streets of a city for pleasure as well as grown persons may. If an adult were walking along a street idly, or merely in the pursuit of pleasure, or were driving along a street for a similar purpose, and was injured by a negligent defect in a street, it could scarcely be maintained that he could not recover for his injuries. So long as such use does not impinge upon the rights of others to use them, such users are equally within the protection of the law, and hence equally entitled to have them in as reasonably safe condition, as those who are using them as travelers or in pursuit of business. Indeed, we know of no rule of law that gives precedence to those engaged upon business over those in pursuit of pleasure, in the rightful use of the public

highway. In crowded cities the use of the public streets and alleys for purposes of recreation and pleasure by children and others may be regarded as public necessities. We fail to perceive why, if a horse, being used on a public street for the purpose of pleasure, may be recovered for if injured because of the defective condition of the street, a child playing upon the street may not recover for injuries to itself from the same cause. (McGuire v. Spence, 91 N. Y., 303, 43 Am. Rep., 668; Chicago v. Keefe, 114 Ill., 222, 2 N. E., 267, 55 Am. Rep., 860;Indianapolis v. Emmelman, 108 Ind., 535, 9 N. E., 155.)

In Gibson v. Huntington, 38 W. Va., 177, 18 S. E., 447, 22 L. R. A., 561, 45 Am. St. Rep., 853, the court expressed the idea in this language: "Poor parents are unable to provide a place of healthful exercise and play for their children, for it requires all their earnings to clothe, feed and shelter them. The law prohibits them, under the penalty of being trespassers, from entering on the lands of others; and now to forbid them to use the road to its utmost boundary for the purpose of play, when not interfering in any manner with the traveling public, would savor too much of the Dark Ages of barbarism, when children were subject to inhuman and diabolical punishments, and their lives were at the mercy of those having charge over them. The roads are the only commons children now have, and to confine them in the narrow limits of their tenement houses would be cruel, unjust and oppressive, blight their young lives, and render their bodies weak, sickly, scrofulous and vile."

In Reed v. City of Madison, 83 Wis., 171, 53 N. W. 547, 17 L. R. A., 733, a seven-year-old child was injured while rolling a hoop on the sidewalk. The court regarded that this was not per se negligence,

and used this language: "It is natural for a child to play, early and late, at home and abroad, going and coming, and everywhere. Because it plays on its travels on the sidewalk, it should not be declared an outlaw, or excluded from the usual remedies of the law." A similar recovery was allowed for the death of a nine-year-old boy while at play on a street, in the case of Louisville v. Snow's Adm'r, 107 Ky., 536, 21 Ky. Law Rep., 1268, 54 S. W., 860.

The instructions to the jury are complained of, but they submitted the case under principles set forth above, except that the court told the jury that they could find punitive damages against appellant if the jury should believe from the evidence that the injury was the result of the gross negligence of the defendant. There was no evidence whatever of gross negligence, and that instruction should not have been given. Appellee contends that the amount of the verdict is no more than reasonable compensation, and that a new trial should not be awarded, because the error is harmless. This court has always been reluctant to interfere with the province of the jury in saying what is reasonable compensation for injuries of this kind. Where mental and physical suffering are elements of damages, there is no certain standard by which they may be measured. The common experience, observation, and judgment of a jury of average intelligence are peculiarly adopted to determine such matters. While we might be of opinion that the verdict was no more than would compensate one for the pain endured, and the impairment of his capacity for laboring and earning money, as the result of such an injury, mainfestly to do so would be to usurp in a measure the province of the jury in this respect. They may have thought otherwise, and the appellant is entitled to their verdict, and not our judgment in-

stead, upon this subject. If the jury should have found that a less sum was fair compensation, it would not have been within our province to have increased it. We do not feel warranted in this case to say that some part of the verdict returned was not punitive damages. The court submitted that item to the jury. Their verdict was not unanimous. It may have been that some of the jury, or, for that matter, all who did agree to the verdict, may have given some part of it by way of punishment. At any rate, appellant was entitled to have his real case tried by the jury under unobjectionable instructions as to the measure of damages. There are a few instances where the verdict was so unmistakably compensatory only that the court has not reversed for erroneous instructions allowing punitive damages. But where it ceases to be a certainty, and is a doubt whether their verdict was regarded by the jury as merely compensation, we have not allowed our conjecture to supply the jury's function. The court endeavors to keep clear of trenching in any sense upon the jury's proper province. The trial court evidently inadvertently failed to define negligence to the jury in the instructions, although it did define ordinary care, the absence of which is negligence. Maybe the jury was not misled by this fact, but upon a retrial this omission should be cured. We will add that the instruction defining ordinary care would have been less open to objection if it had omitted the last clause, "for his own safety."

Therefore the judgment is reversed, and cause remanded for a new trial under proceedings not inconsistent herewith.