SARAH B. WELLS *vs.* MARY A. BALLOU.

. Suffolk. December 9, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Landlord and Tenant,* Landlord's liability to third persons. *Nuisance. Coal Hole. Negligence,* Of one owning or controlling real estate.

At the trial of an action against the owner of premises to recover for injuries alleged to have been received from falling into a coal hole in the sidewalk in front of the premises, it appeared that the defendant had leased the premises to one who covenanted to keep them in the same repair as they were in at the commencement of the term of the lease. There was evidence that at the commencement of the term of the lease the cover of the coal hole was not fastened down at all, that a few weeks before the plaintiff was injured the defendant supplied a fastening which the jury might have found to be insufficient, which insufficiency the defendant might have known of had he used due diligence, and that because of the insufficient fastening the cover slipped when the plaintiff stepped upon it, and she fell into the hole. *Held,* that the question of the defendant's liability was for the jury.

TORT, by a woman, for personal injuries from falling into a coal hole in the sidewalk in front of premises owned by the defendant. Writ in the Municipal Court of the City of Boston dated November 28, 1900.

On appeal to the Superior Court the case was tried before *Lawton,* J.

It appeared that the premises were owned by the defendant by whom they were leased to parties by the name of Legg on September 15, 1900, the lease containing a covenant by the lessees that they would keep the premises "in such repair as the same are in at the commencement of said term, or may be put in by the lessor or his representatives during the continuance thereof."

There was evidence tending to show that the coal hole cover was a round disk of iron with a ring on its under side, set into a stone rim; that at the time of the letting there was nothing fastened to the lower side of the cover to hold it in place, and that complaints had been made as to its looseness; that two or three weeks preceding the accident a fastening of the following description was put on the cover by the defendant: A loop of wire was put through the ring on the under side of the cover. A piece of iron pipe, larger than the diameter of the coal hole, then was put through the iron loop and, by twisting it, the wire was shortened till the iron pipe was against the under side of the stone rim in which the cover rested. The pipe then was fastened by putting one end in a hole in the brick wall and the other end in a hole in the wall where a brick was out, and the person who arranged the device then "wedged that end in with a loose brick."

There also was evidence that, before the accident and after the fastening had been placed on the cover, the occupant of the premises had had the cover removed for the purpose of having coal put in, and had directed a day laborer to readjust the cover afterward, and that the cover was tested after that and found to be firm. There also was evidence that after the accident "the cover was made to fit tighter, and it was drilled out. One side of the stone had been worn so as to give the cover — " This answer was unfinished, according to the record.

At the close of the evidence, the presiding judge refused to order a verdict for the defendant, the jury found for the plaintiff; and the defendant alleged exceptions.

*S. H. Tyng,* (*H. D. Wiggin, Jr.,* with him,) for the defendant.
*L. S. Thierry,* for the plaintiff.

HAMMOND, J.   The only question raised by the defendant. is whether there was evidence of the negligence of the defendant. The evidence as to the condition of the coal hole at the time of the letting, and from then until the time of the accident, was conflicting, and a finding favorable to the defendant on the matter might reasonably have been expected.   Upon a careful study of it, however, we are of opinion that the jury properly might have found that at the time of the letting the coal hole was dangerous by reason of the liability of the cover to slip, that the means subsequently adopted to fasten the cover were not sufficiently effective, and that therefore the coal hole continued to be in a dangerous condition, up to the time of the accident.   They might have found further that by the exercise of reasonable diligence this condition of the hole would have been known to the defendant, and that the defendant did not use such diligence.   Upon such findings the plaintiff made out her case as to the negligence of the defendant.   *Dalay* v. *Savage*, 145 Mass. 38.   *Hill* v. *Hayes*, 199 Mass. 411.

*Exceptions overruled.*