## Hippodrome Amusement Company v. Carius.

(Decided May 25, 1917.)

### Appeal from Campbell Circuit Court.

Municipal Corporations—Liabilities of Abutting Owners—Defective Sidewalks.—While the general rule is, that an abutting property owner is not liable to individuals for injuries sustained by them, on account of the defective condition of the sidewalk in front of his property, but, if the property owner is allowed an extraordinary use of a sidewalk for his private convenience, or for the benefit of his property, and such use constitutes a servitude on the sidewalk for his private benefit or use for such owner or his property, and the injury arises from the defective condition of the sidewalk, because of such servitude placed upon it, the property owner is liable primarily to the individual for an injury sustained.

HEALY & HAWKINS for appellant.

BARBOUR & BASSMANN for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Catherine Carius, brought this action in the Campbell circuit court against the appellant, The Hippodrome Amusement Company, and the city of Newport, and alleged for her cause of action that on the 9th day of August, and for several months immediately prior thereto, the appellant and the city of Newport maintained a water service box, in the sidewalk of Monmouth street, about nine inches from the curb line and immediately fronting the property of the appellant; that this water service box consisted of an iron pipe, about three feet long and four and one-half inches in diameter, and with an opening about three and one-half inches in diameter, and was placed underneath the sidewalk in such a way that the top of the water service box was even with the upper surface of the sidewalk, and when in proper repair was covered with an iron lid, and was used for turning on and turning off water from a water pipe line, which led from a water main in the street to a drinking fountain, which had been erected and maintained by the appellant and the city in the sidewalk in front of the premises owned by the appellant; that the drinking fountain was from one to two feet from the water service box mentioned, and that this box was used for no purpose, except to supply

the fountain with water from the city's water mains; that the appellant and the city failed to maintain the sidewalk in front of the appellant's property in a reasonably safe condition for public travel in that the lid had been negligently allowed to be removed from the water box, and so continued for several months, or else a lid had never been put on it, and that the appellant and the city knew, or by the exercise of reasonable care could have known, of the defective condition of the sidewalk at that point, on account of the opening into the water box being exposed, and that appellee, while assisting in giving a drink of water to a child at the fountain, and while exercising ordinary care for herself, in turning to walk away, stepped into the opening into the water box, which caused her to fall with considerable violence, dislocated her heel, tore away the ligaments which attached to the various bones of the heel, and resulted in her confinement and suffering for some weeks, and permanently injured her for life.

The city and appellant filed separate answers, and the appellant in its answer denied that it maintained the water service box, and claimed that it was in nowise obligated to repair or keep in condition the water service box, and that same was the duty of the city alone.

The trial resulted in a verdict by the jury against the city for damages in the sum of $130.00 and against appellant in the sum of $900.00. The appellant's motion for a new trial being overruled, it has appealed.

The grounds upon which it seeks a reversal are, the alleged error of the court in overruling its motion for a directed verdict in its favor, made both at the close of the evidence for the appellee and at the close of all the evidence; and the further contention, that the verdict against it is excessive and was induced by passion and prejudice on the part of the jury. It furthermore contends that the court erred to its substantial prejudice in giving instruction No. 5, which substantially directed the jury that, if the appellant, by permit or license, granted to it by the city, erected the water fountain, and that the water box was connected with the fountain, it was the duty of the appellant to exercise ordinary care to keep the water box in a condition that it would not be a dangerous obstruction to the public travel along the sidewalk, and that if the jury believed from the evidence that the box was open and uncovered, and that the sidewalk by reason of such fact was not in a reasonably safe condition for

use by pedestrians, who were exercising ordinary care for their own safety, and was in a dangerous condition by reason of the existence of the opening in the sidewalk, which resulted from the water box being uncovered, and that plaintiff, while exercising ordinary care for her own safety, stepped into the opening, and was thereby caused .to fall and receive the injuries of which she complained,. to find in her favor against the appellant, unless the jury should believe that at the time she caught her foot and she fell, she was guilty of such contributory negligence, as but for which she would not have suffered the injuries.

The evidence shows without any contradiction that the water service box is only used for the purpose of supplying water to the fountain, and without it there would be no reason or necessity for the box at the place where it is, and in reality it is a part of the necessary equipment of the fountain. The proof also shows that the appellant requested the city council to permit it to install the water fountain upon the .sidewalk in front of its building, and that the council gave the permission, upon the condition that the appellant would install the fountain and maintain it thereafter, without any cost to the city, and under this permission the appellant did install the fountain. The proof does not disclose that a lid was ever put over the water box; that it was installed there about the middle of April and the accident to appellee occurred in the first days of the month of August; and several witnesses testify that for two or three months previous to the accident to appellee, the water service box was uncovered, and there is no witness who states that a lid was put upon it when it was originally installed or that there had ever been one on it. It was immediately in front of the building of the appellant and under the observation of its manager, servants and agents at all times, and it seems that with the use of ordinary care the time was amply sufficient to discover the defect which it caused in the sidewalk by reason of there being no lid upon the water box, if there ever had, in fact, been one. A witness for the city testifies that it was his duty to maintain the water service boxes in repair and to keep lids upon them, and that after the accident to the appellee he did place a lid over the opening.

Upon this evidence the appellant insists that it should have had a directed verdict in its favor.

In support of its contention that a verdict should have been directed in its favor, it is insisted that an abutting property owner is not responsible for injuries sustained by persons on account of defects in the sidewalks where they abut upon his property, and such is the general rule. It is primarily the duty of the city to keep the sidewalks in reasonably safe condition for public travel, and ordinarily the abutting property owner is not liable at the suit of an individual for injuries sustained from defects in the sidewalks, although there may be an ordinance of the city which requires the property owner to maintain the sidewalk in repair. Webster v. C. & O. Ry. Co., etc., 32 R. 404; City of Louisville v. Metropolitan Realty Co., 168 Ky. 204; Jaeger, et al. v. City of Newport, 155 Ky. 110; Browning v. Springfield, 63 Am. Dec. 355; Varney v. City of Covington, 155 Ky. 662. This doctrine prevails where the abutting property owner is in no wise the cause of the defective condition of the sidewalk.

It was, however, held in Stephens' Admr. v. Deickman, et al., 158 Ky. 337, that if an abutting property owner is allowed an extraordinary use of a sidewalk for his private convenience, the law imposes on him reasonable care to guard the public from injuries in such use. In Stephens' Admr. v. Deickman, *supra,* this court cited with approval from Ready v. St. Louis Brewing Association, 161 Mo. 523, 53 L. R. A. 805, with reference to the instances in which there is a joint liability of the municipality and the abutting property owner for an unsafe condition of the sidewalk, the following:

"It does not, however, impair the doctrine laid down in those cases (Norton v. St. Louis, 97 Mo. 537; St. Louis v. Con. Mutual Life Insurance Co., 107 Mo. 92; Baustian v. Young, 152 Mo. 317), to say that an individual may become liable and jointly liable with the city for an unsafe condition of the sidewalk. This liability does not arise from the fact that he is owner of property abutting the sidewalk, but from the fact that he is instrumental in causing the condition, either by his wilful act or negligent omission to perform a duty which the law imposes upon him. If he is allowed an extraordinary use of a sidewalk for his private convenience, as for example, to place in it a manhole for the reception of coal (Benjamin v. Metropolitan Street R. Co., 133 Mo. 274, 34 S. W. 590), a water meter (Carvin v. St. Louis, 151 Mo. 334, 52 S. W. 210), or an excavation in close proximity to the sidewalk for a foundation for a new building (Wiggin

v. St. Louis, 135 Mo. 558, 37 S. W. 528), the law imposes on him the exercise of reasonable care to guard the public from injury in such use. And it may be said that if the individual neglects to perform any duty that the law imposes on him in particular, and a dangerous condition of the sidewalk results, then a new duty on him in relation to that condition arises; and, of course, with greater force, it would be so, if that condition was the result of his wilful act.''

An analogous doctrine was upheld in Varney v. City of Covington, 155 Ky. 662; City of Harrodsburg v. Van Arsdale, 148 Ky. 507; Covington Saw Mill & Mfg. Co. v. Drexilius, 120 Ky. 493. In the late case of City of Louisville v. Metropolitan Realty Co., 168 Ky. 204, this court, in discussing the liability of an abutting property owner to keep in repair sidewalks along by the side of his premises, after referring to the general rule, that the abutting property owner was not required to repair the sidewalk abutting upon his property, said:

''As a general proposition, this rule of law is correct. When the sidewalk is constructed in the manner required by the city, no duty devolves upon an abutting property owner to keep the walk in repair. The material out of which the walk is constructed might be inferior, or blocks of stone or brick from which it is constructed may become loose and produce a rough and dangerous condition in the sidewalk, but the property owner, unless he in some way for his own benefit or for the benefit of his property brought about these conditions, is not in the least liable for any accident or injury which may result to any member of the public in the use of the sidewalk, unless required to repair them by some statute or ordinance.''

And it was further said in the same opinion:

''Whensoever the use of a walk, which produces the obstruction, constitutes a servitude on the walk for the private benefit or use of a third party or his property, such third party or property owner is liable to the party injured for the original construction in the one instance or the failure to repair in the other.''

In the same case it was held that where an abutting property owner either creates or appropriates and uses for his own benefit a drain pipe crossing the sidewalk, to which drain pipe he has connected the down spouts to his adjacent building, the drain pipe constitutes such a servitude for his exclusive benefit as that he must keep

it in reasonable repair so as to enable the persons using the walk to travel over it with safety, while themselves in the exercise of ordinary care. This doctrine was declared in response to the contention of the abutting property owner that he was not responsible to individuals for injuries incurred from defects in the sidewalk arising from defects in the drain pipe, because he had not constructed the drain pipe; but it was shown that it was used for a connection with the down spouts from his adjacent building and for no other purpose. So it seems to be settled in this jurisdiction that if the unsafe condition of the sidewalk arises from the act of the abutting property owner, or arises from an extraordinary use permitted him in the use of the sidewalk for purposes of his own, and that the sidewalk is burdened with a servitude for his benefit or that of his property, and he appropriates the use of the contrivance which constitutes the servitude, he is jointly and severally liable, to individuals, with the city for the injuries sustained by individuals on account of the unsafe condition of the sidewalk.

The appellant, in the instant case, was permitted to install the fountain at its request, and upon the condition that it would bear the expenses of its installation and of its maintenance, and it further appears reasonably certain from the evidence that it did install the fountain, together with the water box, which had no other office except that of supplying the fountain with water, although there is no direct evidence that the appellant installed the water service box, but the official of the city, whose duty it was to look after and keep in repair the water service boxes throughout the city, had no knowledge of who installed the one which is the subject of the controversy here, and the proof shows that the appellant installed the fountain and was to complete, at its own charge, everything necessary to make it serviceable, which included the water service box, and its installation was a servitude, with which the sidewalk was burdened, immediately in front of the property of the appellant and in accordance with the desire of- the appellant, and it must be assumed that the fountain, as well as the water service box attached to it, was installed for purposes of appellant's own and for the promotion of its personal affairs, in the way, doubtless, of an advertisement of its business and property.

The appellant, which knew with exactness all about who installed the water service box and fountain, does

not undertake to shed any light upon the facts by giving in testimony any of the facts which are in its knowledge. The evidence was amply sufficient to justify the jury in inferring that the box was installed by the appellant, and there is no doubt that its use was appropriated by the appellant for purposes of its own and the benefit of its property, and under such circumstances the duty was imposed upon it to exercise ordinary care to protect travelers from injury on account of any unsafe condition of the sidewalk arising from a defective condition of the fountain or the water service box. Hence, the court was not in error in imposing such liability upon it by the instruction objected to, nor by denying its motion for a directed verdict.

The injury suffered by the appellee is permanent; she was forty-seven years of age at the time of the accident, and a verdict of $900.00 in damages on account of suffering an injury which renders her a cripple for life, does not strike one as being excessive, or as having been induced by passion or prejudice. The appellant, being primarily liable to appellee for the injury, as well as the city, cannot complain that the verdict against it was in excess of the verdict found against the city.

The judgment is therefore affirmed.