## Walter v. Wagner.

(Decided June 27, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Action.—Where fill on lot raising surface is permanent improvement, adjoining landowner should recover in his first action all of damages from surface water to which he is entitled, present and prospective.

2. Action.—Where fill on lot raising surface is temporary improvement which causes damage to adjoining lot, it may give rise to succeeding causes of action arising from subsequent injuries.

3. Waters and Water Courses.—It was proper for adjoining landowner to minimize his damages, resulting from defendant's raising surface of his lot and diverting surface water by erection of wall at reasonable cost.

4. Vendor and Purchaser.—Defendant who raised surface of lot and diverted surface water, causing temporary nuisance resulting in damage to adjoining lot from surface water, was liable for damages after sale of lot until liability of purchaser became fixed.

ROBERT HUBBARD for appellant.

DOOLAN & DOOLAN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The defendant constructed a residence on his lot adjoining the lot upon which plaintiff lived, and used the earth excavated from the basement in gradually raising the surface of his lot. Some months later plaintiff filed suit against him claiming that in raising the surface of his lot he had diverted the surface water and caused it to run over plaintiff's lot and thereby caused earth and debris to be deposited on his walks, to flood his cellar, and otherwise to damage his property. In a jury trial plaintiff was awarded damages in the sum of $200, and judgment was entered accordingly, and a motion for appeal was denied in this court. The judgment in that action was rendered on 29th of June, 1926. On the 8th of September following, plaintiff filed a second suit against the defendant alleging the same facts as to the conduct of defendant in grading his lot; that he had recovered $200 damages in the former action for injuries occurring prior to June 29, 1926; that by reason of the facts alleged after each recurring rain his walks were covered with dirt and mud and flooded to such an extent that he was deprived of access to his garage, and his back yard flooded, to his damage in the sum of $100; it being further alleged that in order to minimize his damages he was compelled to and did erect a stone wall along the line between his lot and that of defendant at the reasonable cost of $140—for all of which he asked judgment in the sum of $240. Motion to strike and demurrer to the petition were overruled. Defendant answered, traversing the allegations of the petition and pleading the former action in bar of this. The affirmative allegations of the answer were controverted by reply, and at the time

of trial defendant filed an amended answer pleading that on the 30th of April, 1926, he sold and conveyed his property to one Reinhart by deed duly executed and acknowledged, and which was recorded on the 4th of May, 1926. A demurrer to this answer was overruled, and plaintiff tendered an amended reply in which, without denying the allegations of the amended answer, he affirmatively alleged that in the first action he sought a recovery for a sufficient sum to cover the reasonable expenses of a wall capable of protecting his lot from the overflow complained of, but that the court was of the opinion that, in advance of its construction, the reasonable cost of such wall could not be determined, and did not submit that to the jury. The court refused to permit this pleading to be filed, and, plaintiff declining to plead further, his action was dismissed.

1. If the fill on defendant's lot was a permanent improvement plaintiff should have recovered in his first action all of the damages to which he was entitled, present and prospective. But as a lot may be graded and regraded at the pleasure of the owner and as the plea of res judicata was controverted and no evidence taken thereon we cannot say that this improvement was permanent in its nature; indeed it seems to have been treated in that suit as of a temporary nature, and if so would give rise to succeeding causes of action arising from subsequent injuries. 15 R. C. L. p. 968, sec. 444; 34 C. J. p. 842, sec. 1251; Madisonville H. & E. Railroad Co. v. Thomas et al., 148 Ky. 131, 146 S. W. 33; Turner v. Brooks & Sons, 151 Ky. 310, 151 S. W. 948, L. R. A. 1916E, 958; Ewing v. City of Louisville, 140 Ky. 726, 131 S. W. 1016, 31 L. R. A. (N. S.) 612; Toebbe v. City of Covington, 145 Ky. 763, 141 S. W. 421; C. M. & G. Co. v. Dodd, 174 Ky. 389, 192 S. W. 61; C. & O. R. Co. v. Coleman, 184 Ky. 9, 210 S. W. 947.

Also, under such circumstances, if plaintiff could minimize his damages by the erection of the wall at a reasonable cost it was proper for him to do so. This seems to have been the view of the trial court in overruling the demurrer to the petition.

2. In overruling the demurrer to the amended answer and dismissing the petition upon plaintiff's failing to plead further, the court evidently was of the opinion that by a sale of the property the defendant was relieved from liability for subsequent injuries. In this the court

was in error. The purchaser of property upon which a nuisance exists to the injury of his neighbor may become liable for knowingly continuing it. City of Louisville v. Metropolitan Realty Co., 168 Ky. 204, 182 S. W. 172; Hippodrome Amusement Co. v. Carius, 175 Ky. 783, 195 S. W. 113, L. R. A. 1918E, 377; Stephens' Adm'r v. Deickman, 158 Ky. 337, 164 S. W. 931, 51 L. R. A. (N. S.) 309; Covington v. Dexilius, 120 Ky. 493, 87 S. W. 266, 117 Am. St. Rep. 593; Varney v. City of Covington, 155 Ky. 662, 160 S. W. 173; Harrodsburg v. Vanarsdale, 148 Ky. 507, 147 S. W. 1; City of Newport v. Schmit, 191 Ky. 585, 231 S. W. 54. Conversely, the one who creates a nuisance on his land is not relieved from liability for the damage it occasions to others by a sale of the property. Even for a temporary nuisance such as claimed in this case it would continue until the liability of the purchaser becomes fixed. 29 Cyc. pp. 1203, 1204; 20 R. C. L. p. 392; West & Bros. v. Louisville, C. & L. Ry. Co., 8 Bush (71 Ky.) 404; Central Consumers' Co. v. Peinkert, 122 Ky. 720, 92 S. W. 957, 13 Ann. Cas. 105. It follows that the court erred in overruling the demurrer to the amended answer.

Wherefore the appeal is granted, the judgment reversed, and cause remanded for proceedings consistent with this opinion.