MARGARET HARRINGTON *vs.* FILIPPO ALESSI & another.

Suffolk.    October 8, 9, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Of one owning or controlling real estate, Coal hole. *Evidence*, Relevancy and materiality, Competency. *Husband and Wife. Notice. Pleading, Civil,* Declaration. *Joint Tenants and Tenants in Common. Practice, Civil,* Exceptions.

At the trial of an action of tort for personal injuries, there was evidence that the plaintiff, a pedestrian, stepped upon the cover of a coal hole in a sidewalk, whereupon the cover moved forward and the plaintiff's foot went into the hole and he was injured; that the hole was used for delivery of coal into adjacent premises owned by the defendants, who were husband and wife, as tenants in common; and that both defend-

ants then were occupying the premises. The plaintiff's declaration contained an allegation that it was the duty of the defendants to keep the sidewalk in safe condition. *Held*, that

(1) Testimony by a witness as to the condition of the cover as observed by him immediately after the accident was competent;

(2) No error was shown in the admission of testimony by that witness that, after examining the cover, he notified someone in the defendants' house of the accident;

(3) No notice in writing by the plaintiff to the defendants of the time, place and cause of the accident was required, since the cause of action was at common law;

(4) The allegation in the declaration as to the defendants' duty did not refer to any statutory duty on the part of the defendants;

(5) An obligation rested upon the defendants to keep the coal hole safe for pedestrians to travel over;

(6) That duty rested upon the defendant wife as well as her husband;

(7) A verdict for the plaintiff was warranted.

A witness at the trial above described was asked to relate "what you saw happen . . . [at the coal hole] and what you saw with reference to the coal cover" on a certain occasion three or four days previous to the plaintiff's accident. The witness answered that his son had slipped and fallen on the cover; that the witness pushed the cover back on; and that it was "just tilted" and "about an inch from where it belonged, in the hole." The defendants made a general objection to the question and answer, without asking to have any part of the answer excluded. *Held*, that

(1) Such parts of the question and answer as bore on the condition of the cover were competent: the plaintiff properly might show that the cover had been in a dangerous condition for such a period of time that the defendants might have known of it by the exercise of reasonable care;

(2) The question was not improper by reason of its calling for a narration of another accident;

(3) On the record, no error appeared in the admission of the whole answer: if the defendants desired to have part of the answer excluded, they should have made a request to that effect.

TORT. Writ dated November 15, 1923.

Material evidence and portions of the judge's charge at the trial in the Superior Court before *Macleod*, J., are stated in the opinion. The judge refused to order a verdict for either defendant at the close of the evidence. The jury found for the plaintiff in the sum of $750. The defendants alleged exceptions.

*J. L. Sheehan,* for the defendants.

*G. P. Beckford,* for the plaintiff.

SANDERSON, J. The plaintiff, while travelling on the

sidewalk of a public highway in front of one of the houses in a brick block owned by the defendants (who are husband and wife) as tenants in common, fell in an opening in the sidewalk used for delivery of coal through a chute into the defendants' premises. When the plaintiff stepped on the cover of the hole it moved forward, and one foot went into the hole, causing her injuries. The cover was set in the groove of a stone flagging in the sidewalk. On its underside a ring was attached; and there was evidence introduced by the defendant that after the hole was last used the cover was replaced and securely fastened by a rope or ropes running from the ring to a beam in the coal bin and that it had not been touched since. A police officer who assisted the plaintiff out of the hole testified, subject to the exception of the defendants, that he had examined the cover after he pushed it back in place and found that if a person should put his foot on the edge of it the cover would slip more than half way across the center but not completely off the hole because something underneath held it, and that after the accident he notified somebody in the house and talked to somebody there. No inquiry was made respecting the person to whom he talked or what he said. The testimony as to the examination made by the officer and the condition of the cover observed by him was competent, and no reversible error is disclosed in the testimony that he notified some one in the house.

As the plaintiff's cause of action is based on common law and not on statutory liability, she was not required to give the defendants notice in writing of the time, place and cause of the accident. G. L. c. 84, § 18. *Fisher* v. *Cushing*, 134 Mass. 374. *Stevenson* v. *Joy*, 152 Mass. 45. *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242. The allegation in the declaration that it was the defendants' duty to keep the sidewalk in safe condition could not properly refer to any statutory duty. The denial of the motion for a directed verdict was right. Although the cover was in the sidewalk which the city was obliged to keep in repair, the defendants also, who were using the coal hole for their own private purposes, had a duty to

use reasonable care to keep the cover in a safe condition for pedestrians to travel over. *Dalay* v. *Savage,* 145 Mass. 38. *Frischberg* v. *Hurter,* 173 Mass. 22. *Wells* v. *Ballou,* 201 Mass. 244.

The defendants excepted to the part of the charge in which the judge said, in effect, that if the plaintiff was entitled to recover both defendants were liable as tenants in common or coöwners, and to the refusal of the court to direct a verdict for Angela Alessi. He further instructed the jury that the defendants were not liable unless a failure to use due care to keep the coal hole in proper condition was shown. The defendant Filippo Alessi testified that he and his wife occupied the house owned by them as tenants in common. The owner of real estate who is in occupation owes a duty to exercise reasonable care in its management to avoid causing injury to others who themselves are acting within their legal rights and in the exercise of due care. *Earle* v. *Hall,* 2 Met. 353. *Ainsworth* v. *Lakin,* 180 Mass. 397. *Curry* v. *Dorr,* 210 Mass. 430. Since the enactment of G. L. c. 209, § 1, giving a married woman the right to hold, manage and dispose of real property in the same manner as if she were sole, her responsibility for all acts relating thereto has increased. *Pacific National Bank* v. *Windram,* 133 Mass. 175. *Butler* v. *Ives,* 139 Mass. 202, 204. *Shane* v. *Lyons,* 172 Mass. 199. No testimony was offered to show that the husband and wife were not both in the exercise of their full rights and sharing the full responsibility of coöwners of the property.

A witness called by the plaintiff testified that three or four days before the accident she had occasion to look at the coal hole cover. Subject to the exception of the defendants, in reply to the question, tell "what you saw happen there and what you saw with reference to the coal cover," she said: "My son slipped on the coal top and he slipped and fell on the sidewalk. He did not fall down the hole. I went over and picked him up and pushed the cover back on, where it was 'just tilted.' It was about an inch from where it belonged, in the hole." This exception must be overruled. The plaintiff had a right to show

that the dangerous condition had existed for such a period of time that the defendants in the exercise of reasonable diligence should have known of it. *Dalay* v. *Savage, supra, Hill* v. *Hayes,* 199 Mass. 411. The question did not indicate that the witness would tell of another accident. The part of the question which sought information as to the condition of the coal cover and the parts of the answer which described its condition were competent. The objection so far as the record discloses was a general one. If the defendants had desired to have a part of the answer excluded they should have made a motion to that effect. Not having done so, they cannot now complain because the testimony is in the case. *Smith* v. *Duncan,* 181 Mass. 435, 436. *Dempsey* v. *Goldstein Brothers Amusement Co.* 231 Mass. 461, 465. *Carroll* v. *Carroll,* 262 Mass. 10, 13. *Claffey* v. *Fenelon,* 263 Mass. 427, 433. The evidence presented a jury issue as to the defendants' liability, and no reversible error is disclosed in any of the exceptions argued by the defendants.

*Exceptions overruled.*