## Farley v. Lexington Roller Mills Co.

(Decided June 3, 1932.)

(As Modified on Denial of Rehearing Dec. 2, 1932.)

STROTHER KISER and JAMES PARK for appellant.

WILSON & HARBISON and J. KEENE DAINGERFIELD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

In this action by A. S. Farley against the Lexington Roller Mills Company to recover damages for personal injuries upon trial in the Fayette circuit court, a verdict and judgment thereon was given for the defend-

ant. This appeal is prosecuted seeking a reversal of that judgment.

The facts as shown by the evidence are these:

On December 26, 1929, at or about 1 o'clock p. m., the appellant, A. S. Farley, hereinafter called the plaintiff, was walking eastwardly along the sidewalk on the north side of Vine street in the city of Lexington. This sidewalk is adjacent to the property owned by the defendant company.

At three places in the sidewalk adjacent to its building, appellee had constructed what are described in the record as "loading platforms." The west loading platform, where the injury complained of occurred, was constructed by the defendant company, and is described by the evidence as being a concrete slope, 5 feet 5 inches long on the west incline end, which slopes upward to a height of 7¾ inches above the sidewalk to a platform, which is 7 feet long to its east side or end, which is only 6½ inches above the level of the sidewalk, whence it slopes downward from the east side line of the platform for a distance of 5 feet 11 inches to the sidewalk level. Both the slopes and the platform are built of rough surfaced, corrugated cement, and take up the entire width of the sidewalk.

About noon of the day in question, the plaintiff, Farley, had gone up the western slope of said platform, crossed the top level portion thereof, and was starting down the eastern slope, when, just as he stepped upon the downward incline, his foot slipped, throwing him to the bottom of the slope upon the sidewalk. In his effort to break his fall, plaintiff threw his left hand behind him, and his left arm near the shoulder was broken, causing his confinement in the hospital and resulting in his alleged permanent injury.

Plaintiff alleges in his petition that this western loading platform was an elevated obstruction erected and constructed by the defendant for its sole use and benefit to facilitate its work of there loading and unloading trucks and that this elevated obstruction of said sidewalk makes it unsafe for pedestrians in walking on said sidewalk, and that, first, by reason of the negligence and carelessness of the defendant company in constructing and maintaining said platform on said sidewalk, it was made and allowed to become an ob-

struction, unsafe and dangerous to walk upon; and, second, that flour and other mill products of defendant had been spilled by the defendant, its agents and employees, upon said obstruction, inclines, and sidewalk, and by it allowed to remain there to become wet and freeze and thaw, causing the said inclines, platform, and sidewalk to become slippery and dangerous to this plantiff and all other persons lawfully traveling upon the same, and that plaintiff's fall and resulting injuries were a direct and proximate result of defendant's negligence, first, in constructing and maintaining the sidewalk obstruction in such unsafe manner, and, second, in allowing it to become and remain in such unsafe condition.

Defendant's answers consisted of a general denial and a plea of contributory negligence.

According to the evidence of plaintiff and his witnesses, plaintiff had been using this sidewalk in passing to and fro from his place of business to his home for several years, and upon the occasion in question this loading platform adjacent to defendant's building, with its slopes to and from it, was covered with partly thawed snow and with a coating of chaff from wheat and other grain, coal dust, and dust from the mill, together forming a slick paste along this said portion of the sidewalk, which directly caused plaintiff's foot to slip thereon as he stepped from the platform onto the slope, and to fall with such violence as to cause him the injuries complained of.

The plaintiff's witnesses testified to their having fallen upon this same loading platform of the defendant when it was in like wet and slippery condition.

Defendant and its witnesses denied that the loading platform constructed by it was an unreasonable or dangerous obstruction of the sidewalk or that it or its agents had suffered the same to become littered with grain chaff or flour or other dust of its mill products, making it dangerous and unsafe as a passway for the public; also that the construction of defendant's elevated platform, where occurred plaintiff's accident complained of, was made pursuant to the city's permit given therefor and its supervision thereof.

At the conclusion of the evidence, the plaintiff asked the court to give, among other instructions of-

fered by him, an instruction described as No. 4, and being as follows, that:

"It was the duty of the defendant, its agents, servants and employees, at the time and on the occasion mentioned in the evidence to exercise the highest degree of care to construct and keep the surface of the platform erected by it on the street, including the inclined portions thereof, in a reasonably safe condition for the use of pedestrians traveling along the street, including the plaintiff, and if the jury believe from the evidence that the defendant failed to use the highest degree of care to construct and to keep the surface of the platform, including the inclined portions thereof, in such reasonably safe condition, and such failure on its part, if any there was, was the direct and proximate cause of plaintiff falling, and the plaintiff was thereby injured at the time and place referred to in the evidence, if he did fall and was thereby injured, then the jury should find for the plaintiff, but unless you do so believe, you will find for the defendant."

The court refused to give this or others of his offered instructions, as well as those offered by the defendant, but upon its own motion gave to the jury, among others, its instruction No. 1 as follows, that:

"It was the duty of the defendant, Lexington Roller Mills Company, in using the sidewalk, a public thoroughfare, in front of its place of business at the place mentioned in the evidence, to exercise ordinary care in the use of it, so as not to cause said sidewalk, in the use of it to become dangerous to the public traveling along said sidewalk, and if the jury believe from the evidence that the defendant, Lexington Roller Mills Company, or its agents or servants working for it at the time, by the failure to exercise ordinary care, deposited or permitted to be deposited flour or other mill products, if they did so, or if they did so fail and by reason thereof the said sidewalk was rendered dangerous to the public traveling thereon, and if you further believe from the evidence that the defendant, Lexington Roller Mills Company, knew or by the exercise of ordinary care could have known that said flour or other mill products were deposited upon said sidewalk, if they were so de-

posited on said sidewalk, and that by reason thereof and as a direct and proximate result thereof the plaintiff, A. S. Farley, fell on said sidewalk and sustained the injuries of which he complains, then the jury will find for the plaintiff, and unless they so believe they should find for the defendant, or unless they find for the defendant under instruction No. 2.''

The jury, under the court's instructions as given it, having found for the defendant, and plaintiff's motion and grounds for a new trial being overruled, the plaintiff upon his appeal relies on the following grounds for a reversal: (1) That the instructions to the jury were improper and did not submit plaintiff's entire theory of the case; (2) the platform upon which appellant was injured constituted an indictable common-law nuisance, and, since appellee is responsible for maintaining same, it is liable to any one injured by the illegal act; (3) the verdict of the jury was flagrantly against the evidence.

In his first objection, plaintiff contends and argues that instruction No. 1 given by the court was erroneous, in that it failed to submit to the jury the question as to whether or not the loading platform as constructed by the defendant was within itself a dangerous obstruction placed by defendant on the sidewalk as alleged and pleaded in his petition, and upon which an instruction was offered and asked by him to be given in addition to its instruction No. 1 as given.

After a careful consideration of both the pleadings and the evidence, we have concluded that plaintiff's ground of objection in this is not without merit, and that he was entitled upon said issue to have given an instruction, submitting to the jury the question of whether or not the defendant company had been negligent and at fault in constructing and placing upon the sidewalk adjacent to its premises an elevated loading platform of such character in its nature and construction as in itself constituted an unsafe and dangerous obstruction thereof for the public in traveling over and using same.

In the case of City of Newport et al. v. Schmit, 191 Ky. 585, 231 S. W. 54, 57, plaintiff filed an action for injuries suffered from falling on the tiled portion of a sidewalk constructed by the defendant operator of a theater as a continuation of its lobby for advertising

purposes. The question therein presented was whether the tiles, by reason of their slick surface, were unsafe for use by pedestrians, and it was held that this question was one to be submitted under the evidence to the jury. Further it was held therein that, if the tiling, laid in place of the sidewalk, was by reason of its slippery condition a public nuisance, both the creator and maintainer of such nuisance were liable for damages to persons resulting therefrom. The court in its opinion thus stated the applicable rule of law in such case:

"If, however, one creates a nuisance upon a sidewalk, he will be liable for the consequences in the way of injuries to individuals caused by the nuisance. Hence, if an abutting property owner creates a nuisance upon the sidewalk in front of his premises, he will be liable for the injuries caused by it, and further, if he creates a servitude upon the sidewalk, which is in addition to the general use the public may make of the sidewalk, and which is for the exclusive benefit of himself or of his property, he is under a duty to so maintain it that it will not become a nuisance, and, if he fails to do so, he will be liable in damages to one of the public who suffers injuries because of his failure to maintain it in a way which will make it in a reasonably safe condition for the travel of the public who use the sidewalk. Louisville v. Metropolitan Realty Co., 168 Ky. 204, 182 S. W. 172; Hippodrome Amusement Co. v. Carius, 175 Ky. 783, 195 S. W. 113, L. R. A. 1918E, 377; Stephens' Adm'r v. Deickman, 158 Ky. 337, 164 S. W. 931, 51 L. R. A. (N. S.) 309; Covington, etc., Co. v. Drexilius, 120 Ky. 493, 87 S. W. 266, 27 Ky. Law Rep. 903, 117 Am. St. Rep. 593; Varney v. Covington, 155 Ky. 662, 160 S. W. 173; Harrodsburg v. Vanarsdall, 148 Ky. 507, 147 S. W. 1. A familiar example of such servitudes and the consequent liability of the abutting owner who creates them is where a cellar door, or coalhole, or section of the sidewalk is composed of glass, or other transparency for the benefit of the property of the abutting owner, or a covered gutter across the sidewalk to carry away the water from the house of an abutting owner."

In the instant case, the servitude imposed upon the sidewalk by defendant company was that of an elevated platform and incline approaches thereto constructed

thereon and alleged by plaintiff and stated in evidence to be such in its nature as in itself to make traveling over same, as a part of the sidewalk, unsafe and dangerous for the public.

Also, in the case of Hippodrome Amusement Co. v. Carius, 175 Ky. 783, 195 S. W. 113, L. R. A. 1918E 377, this court held that, while the general rule is that an abutting property owner is not liable for injuries sustained by persons on account of the defective condition of the sidewalk in front of his property, but if the property owner is allowed an extraordinary use of a sidewalk for his private convenience, or for the benefit of his property, and such use constitutes a servitude on the sidewalk for his private benefit or use for such owner or his property, and the injury arises from the defective condition of the sidewalk, because of such servitude placed upon it, the property owner is liable primarily to the individual for the injury sustained.

The court in the course of its opinion discussed the case of the City of Louisville v. Metropolitan Realty Co., 168 Ky. 204, 182 S. W. 172, 174, and quoted from its opinion delivered in that case as follows:

"Whensoever the use of the walk which produces the obstruction constitutes a servitude on the walk for the private benefit and use of a third party, or his property, such third party, or property owner, is liable to the party injured for the original construction in the one instance, or the failure to repair in the other."

From a consideration of what we deem to be the applicable principles of law, announced in these cases as quoted and cited supra, we are of the opinion that the appellant was entitled to an instruction covering the matter of his pleading and evidence, thereby submitting to the jury this issue as to whether or not the obstruction, consisting of the elevated loading platform, placed upon the sidewalk by the defendant, and constituting a servitude on the walk for the private benefit of the defendant company, was one in the nature of a public nuisance, as thereby rendering the passway unsafe for the public's use. Also that he was entitled to such an instruction, in addition to that given by the court, defining the duty of the defendant to keep safe for public use and in proper and safe condition said loading platform as a part of the sidewalk while by it

730

maintained and for its sole benefit used as a servitor upon it.

The duty imposed upon an abutting property owner in such a case is to exercise ordinary care in constructing and maintaining that portion of the sidewalk used for his private convenience so as to render it reasonably safe for persons lawfully using it. The instruction offered by the plaintiff was erroneous in stating that it was the duty of the defendant to exercise the highest degree of care. Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217; Hippodrome Amusement Company v. Carius, 175 Ky. 783, 195 S. W. 113, L. R. A. 1918E, 377.

As to the second objection urged by appellant as to alleged error committed, it is sufficient to say that same was not named or made by him in his motion and grounds for a new trial, and therefore is not now here properly presented for our consideration only in his bill of exceptions. L. & N. R. R. Co. v. Culbertson, 158 Ky. 561, 165 S. W. 681; Young v. North East Coal Co., 194 Ky. 520, 240 S. W. 56.

Having concluded that appellant should be given a new trial upon the ground that the court erred in refusing an instruction, embodying the idea hereinabove considered, we deem such holding to be conclusive of the appeal, and do not consider it needful to here further extend the opinion by deciding or considering other grounds of objection to the judgment.

We are therefore constrained to hold that, for the reasons herein indicated, the judgment should be and is reversed, and cause remanded for a new trial consistent with this opinion.