## PHILLIPS PETROLEUM CO. v. CHILDRESS.

No. 1211.

Circuit Court of Appeals, Tenth Circuit.

Aug. 5, 1935.

R. B. F. Hummer, of Oklahoma City, Okl. (R. H. Hudson, of Bartlesville, Okl., and Franklin E. Kennamer, Jr., of Tulsa, Okl., on the brief), for appellant.

Richard A. Billups, of Oklahoma City, Okl. (J. O. Cooke and Richard A. Billups, Jr., both of Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

The defendant, Phillips Petroleum Company, had a community oil lease on a city block immediately south of 23rd Street in Oklahoma City. It used the alley to reach its well in the block. The alley was paved with brick where the sidewalk on the south side of 23rd Street crossed. The condition of the brick crosswalk became more or less bad, due to the heavy traffic to and from the site of the well, and for that or some other reason of its own the petroleum company removed the brick crosswalk and replaced it with a board walk constructed of two by twelve and one by twelve boards. This alteration was made in the spring of 1931 when the company was developing the well. Dirt was laid on either side to the level of the board crosswalk.

The evidence is that the surface of the board walk became inclined, and at the time plaintiff was injured, December 17, 1931, its downward slope toward the street was variously estimated to be from two to six inches. The width of the board walk was fifty-two inches.

Plaintiff was a junior high school student fifteen years of age. She lived nearby. She slipped and fell and was injured while crossing on the board walk. There was testimony that there had been rainfall, that the walk was wet and slippery, there was mud and oil on it, that it was muddy on either side of the walk, and that plaintiff's fall was caused by the slippery inclined walk.

The jury returned a verdict of $2,750 in favor of plaintiff.

Defendant appealed, and its principal contention is that its motion for directed verdict should have been granted, because no negligence of defendant was shown, and because plaintiff was guilty of contributory negligence. Defendant contends that the board walk, which it substituted for the brick walk, was in good and safe condition when it was completed, and it was not thereafter its duty to keep it in repair.

Conceding liability to plaintiff by the city for the injury and damages, it does not follow that defendant is not primarily liable also. Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712; Chicago v. Robbins, 2 Black, 418, 17 L. Ed. 298; Cleveland Trinidad Paving Co. v. Mitchell, 42 Okl. 49, 140 P. 416; Harrington v. Alessi, 269 Mass. 433, 169 N. E. 495; City of Osage City v. Larkins, 40 Kan. 206, 19 P. 658, 2 L. R. A. 56, 10 Am. St. Rep. 186; Moore v. Monarch Gasoline & Oil Co., 225 Mo. App. 115, 35 S.W.(2d) 669.

Defendant made the change in the walk for its own purposes and convenience, and it cannot be doubted that defendant's use of it brought about in large part, if not wholly, the unsafe condition of the board walk. There is testimony strongly in support of the reasonable inference that defendant's heavy traffic to and from its well over this walk caused the defendant to remove the brick walk and of its own motion substitute one of plank, which became unsafe for pedestrians in the manner above stated, as found by the jury. Defendant company, by thus interfering with the existing crosswalk, assumed the duty of using reasonable care and diligence to make the structure which it substituted safe, and thereafter it was defendant's duty to exercise reasonable care and diligence in keeping the substituted board crosswalk in a safe condition for the passage of pedestrians rightfully using the sidewalk. Washington Gaslight Co. v. District of Columbia, supra; Chicago v. Robbins, supra; Harrington v. Alessi, supra; Farley v. Lexington Roller Mills Co., 245 Ky. 723, 54 S.W.(2d) 8; Hippodrome Amusement Co. v. Carius, 175 Ky. 783, 195 S. W. 113, L. R. A. 1918E, 377; Texas Co. v. Williams, 228 Ala. 30, 152 So. 47; Braelow v.

Klein, 100 N. J. Law, 156, 125 A. 103; De Lor v. Symons, 93 Wash. 231, 160 P. 424; City of Osage City v. Larkins, supra; Monsch v. Pellissier, 187 Cal. 790, 792, 204 P. 224; Granucci v. Claasen, 204 Cal. 509, 269 P. 437, 59 A. L. R. 435; Perrigo v. City of St. Louis, 185 Mo. 274, 84 S. W. 30; Cool v. Rohrbach (Mo. App.) 21 S.W.(2d) 919; Moore v. Monarch Gasoline Co., supra; Cleveland Trinidad Paving Co. v. Mitchell, supra.

It is our opinion that the questions of whether plaintiff's injury was the result of defendant's negligence and whether plaintiff was free from contributory negligence were properly for the jury.

The judgment is affirmed.